# Bowers, Appellant, *v.* Pittsburgh, Fort Wayne & Chicago R. R.

*Railroads—Carriers of passengers—Regulations—Ticket.*

A regulation of a railroad company providing that a " special excursion ticket" shall not be valid for the return journey, unless presented by the original purchaser to the authorized agent of the company to be stamped on the back, is not unreasonable, and if the passenger does not comply with the condition he has no right to use the ticket for the return journey.

*Notice of conditions of tickets—Waiver.*

A ticket had the following notice printed in large letters on its face: "Notice to purchaser. Read the above contract carefully—it is important —and take notice that the contract must be stamped at Chicago, Ill., before ticket will be accepted for return trip." *Held,* that the condition was not unreasonable, and that it was the passenger's duty to have informed himself of its existence.

In such a case the fact that the gateman permitted the passenger to pass through the gate without examining and punching the ticket, and that the conductor of the sleeping car failed to notice that the ticket was unstamped, was not evidence of a waiver of the condition by the company.

Argued Oct. 26, 1893. Appeal, No. 122, Oct. T., 1893, by plaintiff, Isadore Bowers, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1892, No. 429, on verdict for defendant. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Trespass for ejection of passenger. Before McCLUNG, J.

At the trial it appeared that, on June 20, 1892, plaintiff purchased at Pittsburgh a ticket substantially similar in appearance to that shown on pp. 303 and 304 below.

On June 27, 1892, plaintiff presented the ticket at the Pullman ticket office in Chicago, and purchased a sleeping car berth. He then proceeded through the gate. He testified as follows as to what occurred at the gate: " Q. Did you show your ticket? A. I held my ticket up in my hand and walked through. Q. Did they ask you to have it punched? A. No. Q. You just held up your hand? A. And walked through." As to what occurred on the sleeping car he testified as follows: " I didn't get on the train right away; the car was back near the gate, and I handed the Pullman sleeping car conductor my

ticket, and he looked at it and gave me a slip, and I walked up and down the platform for half a hour before the train pulled out. Q. Did the Pullman conductor take both tickets? A. Yes, sir. Q. Your railroad ticket and your sleeping car ticket?

## Democratic National Convention

### Special Excursion Ticket.

Good for **ONE FIRST CLASS** Passage

**PITTSBURGH, PA.**

# To CHICAGO, Ill.

### AND ·RETURN,

WHEN OFFICIALLY STAMPED ON BACK HEREOF AND PRE-
SENTED WITH COUPONS ATTACHED.

SUBJECT TO THE FOLLOWING CONDITIONS:

In consideration of the reduced rate at which this Ticket is sold, it is agreed by and between the purchaser and THE PENNSYLVANIA COMPANY, as follows, to wit:

1st. That this Ticket is NOT TRANSFERABLE, and will be forfeited if presented by any other than the original purchaser.

2d. That any alteration whatever of this Ticket renders it void, and that the coupons belonging to it will not be received for passage if detached.

3d. That for the GOING JOURNEY this Ticket is good for CONTINUOUS PASSAGE ONLY, COMMENCING ON DATE OF SALE STAMPED ON BACK HEREOF, said dates of sale being confined to June 16th to 20th, 1892, inclusive.

4th. That for the RETURN JOURNEY this Ticket will not be valid unless presented by the original purchaser to the authorized Agent of

### THE PENNSYLVANIA LINE,

AT CHICAGO, ILL.,

to be stamped on back and when this ticket is officially executed by such Agent, it will be good only for a CONTINUOUS PASSAGE COMMENCING ON DATE SO STAMPED, and in no case will it be accepted after July 8th, 1892.

☞ **No Stop-over allowed on this Ticket.**

☞ THIS TICKET WILL BE ACCEPTED FOR PASSAGE ON "THE PENNSYLVANIA LIMITED" EXPRESS TRAIN IN EITHER DIRECTION, ON THE P., F. W. & C. R'Y IN CONNECTION WITH THE NECESSARY EXTRA FARE TICKET.

ISSUED BY

*The Pennsylvania　*{　*E. A. Ford,*

*　　　　　Company.*　　General Passenger Agent.

---

## Chicago to Pittsburgh

### Via PENNSYLVANIA LINE.

☞ **The Conductor** will refuse this Coupon if detached from the Ticket.

Pittsburgh, Pa. to Chicago, Ill. and Return.

A. Yes, sir.　Q. And gave you a sleeping car check?　A. Yes, sir."

When the railroad conductor discovered that the ticket was not stamped, plaintiff was compelled to leave the train at Valparaiso station, some fifty miles from Chicago. He returned to Chicago, had his ticket stamped, and then returned upon the ticket to Pittsburgh.

Binding instructions for defendant were given.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was above instruction, quoting it.

*Thomas M. Marshall, Jr., Frank P. Sproul* with him, for appellant, cited: Young v. P. R. R., 115 Pa. 112; Reese v. Pa. Co., 131 Pa. 422; Bonnert v. Pa. Ins. Co., 129 Pa. 558; Telegram Co. v. Stevenson, 128 Pa. 442; Edwards v. Ins. Co., 5 Kulp, 259; Bank v. Shupp, 1 Northampton R. 35; Assn. v. Furniture Co., 18 W. N. 379; McFarland v. Ins. Co., 134 Pa. 590; Ins. Co. v. Hallock, 22 W. N. 151.

*George B. Gordon, William Scott* with him, for appellee, cited: Dietrich v. P. R. R., 71 Pa. 432; Pouilin v. Ry., 52 Am. & Eng. Ry. Cas. 188.

PER CURIAM, November 6, 1893:

One of the conditions, to which plaintiff's "special excursion

ticket" was expressly subject, is: " That for the return journey this ticket will not be valid unless presented by the original purchaser to the authorized agent of the Pennsylvania line at Chicago, Ill., to be stamped on the back, and, when this ticket is officially executed by such agent, it will be good only for a *continuous passage commencing on the date so stamped*, and in no case will it be accepted after July 8, 1892."

His attention was called to this condition by the following " notice to purchaser," printed in large letters on the face of the ticket: " Read the above contract carefully—it is important —and take notice that the contract must be stamped at Chicago, Ill., before ticket will be accepted for return trip."

The condition above quoted is not unreasonable; and it was clearly plaintiff's duty to have informed himself of its existence. Having failed to comply with the terms of the condition he had no right to use the ticket for return trip. The fact that the gateman permitted him to pass through the gate without examining and punching the ticket was no evidence that the condition was waived by the company; nor was the fact that the conductor of the sleeping car failed to notice that the ticket was unstamped, any evidence of waiver. As soon as it passed into the hands of the regular passenger conductor, he discovered that the condition as to stamping had not been complied with, and so informed the plaintiff.

In view of the undisputed facts there was no error in charging the jury, as requested by defendant, " that under all the evidence in the case the verdict should be in favor of the defendant."

Judgment affirmed.