## Jacobs, Appellant, *v.* Central Railroad Company of New Jersey.

*Railroads—Common carriers—Baggage—Limitation of liability.*

It is competent for carriers of passengers by specific regulations, distinctly brought to the knowledge of the passenger, which are reasonable in their character, and not inconsistent with any statute or their duty to the public, to protect themselves against liability as insurers of baggage not exceeding a fixed amount in value, except upon additional compensation, proportioned to the risk.

A passenger who accepts and uses an excursion ticket issued at a reduced rate, is bound by a declaration printed in clear and legible type on the face of the ticket as follows: " In consideration of the reduced rate at which this ticket is sold, it will be good for six days, including date of issue, . . . . only 150 pounds of baggage allowed each passenger. Company's liability limited to $1.00 per pound unless special agreement be made."

Argued Oct. 17, 1901. Appeal, No. 144, Oct. T., 1901, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1899, No. 661, on verdict for plaintiff in case of Carrie Jacobs v.

**14**          JACOBS, Appellant, *v.* RAILROAD CO.

Central Railroad Company of New Jersey.   Before RICE, P. J.,
BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.
Affirmed.

Trespass to recover $462, alleged to be the value of a trunk
and its contents lost by the defendant's agent.   Before FIN-
LETTER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $350, upon which judgment was en-
tered for $150.

*Error assigned* was in entering judgment for plaintiff for
$150.

*Clinton O. Mayer*, with him *Joseph L. Greenwald*, for appel-
lant.—The law is well settled that while a common carrier may
restrict its common-law liability in cases other than those oc-
casioned by its own negligence, yet it can only do so in such
cases by special contract with the passenger or by a notice
brought to the passenger's notice and assented to by him : Cam-
den & Amboy R. R. Co. v. Baldauf, 16 Pa. 67 ; Verner v.
Sweitzer, 32 Pa. 208 ; Wolf v. Western Union Tel, Co., 62 Pa.
84; Brooke v. Pickwick, 4 Bing. 218; Davis v. Nillan, 2
Starkie, 280; Henderson v. Stevenson, L. R. 2 Sc. & Div.
App. Cases, 470 ; Cole v. Goodwin, 19 Wend. 249; Woodruff
v. Sherrard, 9 Hun (N. Y.), 325 ; Grossman v. Dodd, 63 Hun,
324; Rawson v. Penna. R. R. Co., 48 N. Y. 212; Kansas
City, etc., R. R. Co. v. Rodebaugh, 38 Kansas, 45; Mauritz
v. N. Y., etc., R. R. Co., 23 Fed. Repr. 765; New Jersey Steam
Nav. Co. v. Merchants' Bank, 6 How. 344.

A ticket is not in the nature of a written contract between
the carrier and the passenger.   It is a mere token or a voucher
adopted for convenience to show that the passenger has paid
his fare from one place to another: Rawson v. Penna. R. R.
Co., 48 N. Y. 217; Quimby v. Vanderbilt, 17 N. Y. 313;
Van Buskirk v. Roberts, 31 N. Y. 666; Elsmore v. Sands, 54
N. Y. 515 ; Cleveland, Columbus, etc., R. R. Co. v. Bartram,
11 Ohio, 462 ; B. & O. R. R. Co. v. Campbell, 36 Ohio, 658 ;
Lewis v. N. Y. Sleeping Car Co., 143 Mass. 267 : Dietrich v.
Penna. R. R. Co., 71 Pa. 432; Oil Creek, etc., Ry. Co. v. Clark,

72 Pa. 235; Lake Shore, etc., Ry. Co. v. Rosenzweig, 113 Pa. 536.

Furthermore, there is no presumption that a person who buys a ticket has informed himself of the conditions contained upon such ticket: Brown v. Eastern R. R. Co., 11 Cush. (Mass.) 97; Malone v. Boston & Worcester R. R. Corporation, 12 Gray (Mass.), 388; Sears v. Eastern R. R. Co., 14 Allen (Mass.), 437; Wilson v. Chesapeake & Ohio R. R. Co., 21 Gratt. 654.

*Richard C. Dale*, for appellee.—An examination of the authorities shows that the court below was right: Bingham v. Rogers, 6 W. & S. 495; Camden & Amboy R. R. Co. v. Baldauf, 16 Pa. 66; Laing v. Colder, 8 Pa. 479; Elkins v. Empire Transportation Co., 81½ Pa. 315; Newburger v. Howard & Co.'s Express, 6 Phila. 174; Manchester, etc., Ry. Co. v. Brown, L. R. 8 App. Cases, 703; Davenport Co. v. Penna. R. R. Co., 173 Pa. 398; Frank v. Central R. R. Co. of N. J., 9 Pa. Superior Ct. 129; Willock v. Penna. R. R. Co., 166 Pa. 184.

OPINION BY ORLADY, J., January, 21, 1902:

This action of trespass was brought to recover $462, as damages for an alleged loss claimed by reason of the defendants' failure to deliver a certain telescope traveling case which was packed with wearing apparel of the plaintiff, her husband, and daughter, and checked from New York to Philadelphia via the defendant company.

The three persons bought separate excursion, or special, tickets from Columbia avenue in Philadelphia to New York and return; and each contained on its face the following declaration or clause, printed in clear and legible type: "This excursion ticket with coupon attached entitles the holder to one trip to New York and return. In consideration of the reduced rate at which this ticket is sold, it will be good for six days, including date of issue, . . . . only one hundred and fifty pounds of baggage allowed each passenger. Company's liability limited to one dollar per pound unless special agreement be made."

The baggage was checked upon the personal ticket of the plaintiff and its loss while in the care of a New York Express Company—the defendant's agent—was admitted.

By direction of the court a verdict was returned in favor of the plaintiff and the value of the lost goods was found to be $350, the court reserving the question of law raised by the points submitted. After argument the court sustained the proposition of law contained in the defendant's second point, to wit : " That if the court shall be of opinion that upon the evidence a contract was established between the plaintiff and defendant for the through transportation of the baggage and its delivery in Phila-delphia, the plaintiff is limited by the terms of the ticket which is the contract between the parties, to a recovery of $150," and a judgment for that sum was entered in the plaintiff's favor. The plaintiff appealed and the one question urged is, " Whether in law such limitation may be made by a common carrier, and whether such limitation is binding on the defendant in this case."

The common-law liability of common carriers for the safety of baggage of travelers is not clearly defined, but it is not un-limited. The carrier is not called upon to take an unusual quantity as the baggage of a single traveler, nor is he under obligation to pay for the value of articles which are in excess of the travelers' ordinary wants. The rule laid down by the common law is, " The contract to carry the person only im-plies an undertaking to transport such a limited quantity of articles as are ordinarily taken by travelers for their personal use and convenience ; such quantity depending, of course, upon the station of the party, the object and length of the journey, and many other considerations :" Hannibal & St. Joseph R. R. Co. v. Swift, 79 U. S.; 12 Wall. 272, (20 L. ed. 428), and the carrier has a right " by reasonable regulations, of which the passenger has knowledge " to define and make certain to both parties the extent of an implied obligation to carry bag-gage. " It is undoubtedly competent for carriers of passen-gers by specific regulations, distinctly brought to the knowl-edge of the passenger, which are reasonable in their character, and not inconsistent with any statute or their duty to the public, to protect themselves against liability as insurers of baggage not exceeding a fixed amount in value, except upon additional compensation, proportioned to the risk :" New York Cent., etc., R. R. Co. v. Fraloff, 100 U. S. 29, 25 L. ed. 534; Ray on Negligence of Imposed Duties, 572–575 ; 3 Wood on Railroads sec. 406.

The manifest purpose of the clause quoted from the plaintiff's ticket was to make certain what was uncertain, to define what was indefinite, to prevent mistakes, complaint and litigation and to promote fairness of dealing.  The plaintiff's case in its most favorable light, is simply this,—she purchased at a reduced rate a special excursion or round trip ticket which had on its face, prominently printed in a language which, without proof to the contrary, she was presumed to understand, a notice, in clear and precise terms, that limited the weight of her baggage and the responsibility of the carrier therefor; she used the out-bound coupon of this ticket to New York without controversy, and, without disclosure to the carrier, she then combined with her own wearing apparel that of two other persons, for whose loss she seeks to recover in her own name, thus making an aggregate value of more than three times the amount which her return coupon notified her the carrier agreed to be liable for. She not only had abundant opportunity to read the notice during her trip to New York, but it must have been observed by her if she looked at the ticket at all.  The reduced and special rate, the limitation as to time, amount of baggage and responsibility therefore must have been conspicuously brought home to her at the time of the purchase of the ticket since it was a transaction from which she derived a direct advantage.  To these limitations she assented by using it, and the use thereof made this coupon ticket, under the facts in this case, the contract between the parties.  Whatever conflict there may be in other states, our own appellate courts have uniformly held that while a common carrier cannot limit his responsibility so as to relieve himself from liability for the negligence of himself or his servants, he may define the measure of his common-law liability and modify it to a reasonable amount in cases where the passenger has failed to inform the carrier of the need of special care by reason of the exceptional value of the articles carried.

In Bowers v. Pittsburg, Fort Wayne & Chicago R. R. Co., 158 Pa. 302, the attention of the passenger was directed to a provision for the return journey, namely, that the ticket would not be valid unless presented by the original purchaser to the agent of the company at Chicago, to be stamped on the back, and when officially executed by such agent, it would be good only for a continuous passage commencing on the date so stamped and in no

case would it be good after a date thereon given. In regard to this the Supreme Court held that, " His attention was called to this condition by the following 'notice to passengers,' printed in large letters on the face of the ticket, ' Read the above contract carefully—it is important—and take notice that the contract must be stamped at Chicago, Ill., before ticket will be accepted for return trip.' The condition above quoted is not unreasonable ; and it was clearly the plaintiff's duty to have informed himself of its existence. Having failed to comply with the terms of the condition he had no right to use the ticket for return trip."

The rule is well settled that the liability of a carrier for the baggage of a passenger which has been intrusted to his care is that of an insurer ; the price paid for the ticket or for transportation, embracing compensation for the carriage of the baggage, and that this liability is limited to such articles as are necessary for the comfort of the passenger and for all in addition to this class the carrier is not an insurer but a bailee and cannot be compelled to carry them unless an additional compensation is paid. The carrier may by a special contract or by a notice assented to by the passenger limit its liability as insurer, and in cases where a printed contract ticket signed by the carrier is issued to the passenger although he does not sign it he is bound by all its lawful conditions ; his acceptance and use of it create an implication of his assent to its provisions. " There is no reason why a consignor who is bound by the provisions of a bill of lading, which he accepts without reading, should not be equally bound by the terms of the contract in similar form to receive and transport him as a passenger : " 3 Am. & Eng. Ency. of Law, 2d ed., 560, and notes. The contract, as evidenced by the ticket, in this case entitled the plaintiff to those rights only which the ticket conferred and bound her to perform the obligations which the ticket imposed : Hutchinson on Carriers, sec. 580*a*, and notes.

For the purpose of preventing fraud on the part of the owners of baggage notices limiting the carrier's liability for baggage to a certain amount, unless its value is disclosed and additional payment made for the excess over the amount named, have generally been held valid when brought to the knowledge of the owner, whether assented to by him or not : 5 Am. & Eng. Ency,

of Law, 2d ed., 612.    In Beckman v. Shouse et al., 5 Rawle, 179, it was held : " It was formerly a question of much doubt, how far common carriers could by contract limit their responsibility ; but, that they have the power seems now to be settled, although many learned judges have expressed some regret that the validity of notice restricting their liability, was ever recognized ; " and in Camden & Amboy Railroad Co. v. Bauldauf, 16 Pa. 67, " The common-law responsibility may be limited and abridged by the special terms of the acceptance of the goods, it may be limited by a general notice that the baggage of a passenger is at the risk of the owner provided the terms of the notice are clear and explicit, not liable to the charge of ambiguity; and provided further, which is indispensable, the notice is brought home to the passenger.    These principles are distinctly recognized in Beckman v. Shouse, 5 Rawle, 179, Bingham v. Rogers, 6 W. & S. 500, and Laing v. Colder, 8 Pa. 484. . . . Granting that tickets in any case, without more, may be considered as evidence of a special agreement, it is surely not exacting too much to require the carrier to have this ticket printed and his advertisement made in the language which the passenger can understand. . . ."

This doctrine is followed in Penna. Central R. R. Co. v. Schwarzenberger, 45 Pa. 208, Penna. R. R. Co. v. Henderson, 51 Pa. 315, Farnham v. Camden & Amboy R. R. Co., 55 Pa. 53, Allam v. Penna. R. R. Co., 183 Pa. 174, Frank v. Central Railroad Company of New Jersey, 9 Pa. Superior Ct. 129, and Davenport v. Penna. R. R. Co., 10 Pa. Superior Ct. 47.

The assignments of error are overruled and the judgment is affirmed.