## Bullard, Appellant, v. Delaware, Lackawanna & Western Railroad Company.

*Railroads—Carriers—Personal apparel—Act of April* 11, 1867, *P. L.* 69.

The liability of a carrier for a passenger's baggage, which has been entrusted to its care, is that of an insurer, the price paid for the ticket, or for transportation, embracing compensation for the carriage of the baggage, and is limited to such articles as are necessary for the comfort of the passenger, and for all in addition to this class, the carrier is not an insurer, but a bailee, and cannot be compelled to carry them unless an additional compensation is paid.

Where a passenger carries with her own personal clothing, an embroidered table centerpiece of her own, and a dress belonging to her mother, and the baggage is lost, she cannot recover from the carrier for the loss of the centerpiece, or the dress belonging to her mother.

Argued Jan. 14, 1902. Appeal, No. 44, Jan. T., 1902, by plaintiff, from order of C. P. Luzerne Co., March T., 1900, No. 119, sustaining exceptions to report of referee in case of Faith A. Bullard v. Delaware, Lackawanna & Western Railroad Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to report of Stanley Woodward Esq., referee.

It appeared from the record that on September, 1899, plaintiff was a passenger on the defendant railroad and as such had checked a dress suit case. When she reached her destination

it was found that the dress suit case was lost. The defendant settled for the personal clothing of the plaintiff, but refused to pay for an embroidered table centerpiece belonging to herself or for a dress belonging to her mother. The referee found in favor of the claim for the dress, but against the claim for the centerpiece. Exceptions to the report of the referee were sustained, and the court disallowed the claims for both articles, WHEATON, J., filing an opinion.

*Errors assigned* were in sustaining exceptions to report of referee.

*J. Q. Creveling* and *Faith A. Bullard*, for appellant.—Baggage includes that which a passenger carries for use on his journey, intending to bring it with him on his return : McGill v. Rowand, 3 Pa. 451; Porter v. Hildebrand, 14 Pa. 129 ; Lyle v. Barker, 5 Binn. 457.

A private carrier, or ordinary bailee for hire, in case of nondelivery of goods intrusted to him, is liable therefor in the absence of ordinary diligence, and the fact of a nondelivery is prima facie evidence of want of ordinary care, and throws the burden of proof on the bailee : Shenk v. Phila. Steam Propeller Co., 60 Pa. 109 ; Verner v. Sweltzer, 32 Pa. 208 ; Beckman v. Shouse, 5 Rawle, 179 ; Clark v. Spence, 10 Watts, 335.

It will hardly be contended that because the goods might not technically be deemed " baggage," that therefore the defendant could appropriate the goods to itself, and never account for them. The court could scarcely lend itself to such a proposition. The defendant, however, without any other justification or excuse, simply say that the suit case was stolen. They do not pretend to have exercised any reasonable care over it. They offer nothing in justification.

*Arthur Hillman*, with him *A. H. McClintock*, for appellee.— A silk bedquilt, valued at $10.00 carried by a woman in her trunk, and not used on her journey, or necessary for comfort, is not to be classed as baggage : St. Louis, etc., R. R. Co. v. Hardway, 17 Ill. App. 321. See also Mauritz v. New York, etc., R. Co., 23 Fed. Repr. 765.

Further, if the contention of the plaintiff is good law then such a passenger would become a bailee to the extent of render-

ing a railroad company liable, even without notice of the goods (as in this case), for the carriage of goods belonging to any bailor, stranger to her family or otherwise. The leading case does not seem to recognize such to be the law under such circumstances: Becher v. Great Eastern Ry. Co., L. R. 5 Q. B. 241.

OPINION BY ORLADY, J., December 13, 1902:

The plaintiff brought this suit against the defendant to recover the value of certain articles of wearing apparel and an embroidered table centerpiece of her own, and also the value of a dress, or gown, belonging to her mother, all of which were in the plaintiff's dress suit case at the time of its loss. After suit brought, the plaintiff accepted payment for all of her claim except the embroidered table centerpiece and the dress belonging to her mother; the company denied any liability for the loss of the latter articles. The plaintiff had a regular ticket, duly issued and paid for, and became a passenger of the defendant railroad company from Wilkes-Barre to New Milford, and received from the agent of the company a check for her dress suit case which contained the articles named. When she arrived at her destination the dress suit case could not be found, and it never was delivered to her. The defense to the action is that a table centerpiece is not an article of personal baggage for which a passenger may recover in case of loss while it is in the custody of the carrier, and that the plaintiff is not entitled to recover the value of the dress, or gown, which was not her personal property. The act of April 11, 1867, provides that, " each passenger upon a railroad shall have the right to have carried in the car, or place provided for that purpose in the train in which he or she may be a passenger, his or her personal clothing, not exceeding, inclusive of the trunk or box in which it may be contained, one hundred pounds in weight, and three hundred dollars in value." It is conceded in this case that a fair value of the table centerpiece was $10.00, and that of the dress was $50.00; that the defendant had no notice of the fact that these items of property were carried by the plaintiff as baggage; that her mother did not accompany her on the train; and that the dress belonging to the mother was not intended for the plaintiff's personal use. The word, " bag-

gage," is defined as "such articles of necessary or personal convenience as are usually carried by passengers for their personal use, and not merchandise or other valuables, although carried in trunks by passengers, which are not designed for any such use, but for other purposes, such as sale or the like:" Story on Bailments, sec. 499. The cause of loss of the table centerpiece and dress was not shown, and there is no evidence to warrant a finding that there was gross negligence on the part of the defendant. Neither of the items for which a recovery is claimed could be called personal in the sense of being necessary for the plaintiff's comfort or convenience while travelling; they are more properly within the class designated as merchandise or other valuables, not designed for personal use, but for other purposes, for which no recovery can be had. The embroidered table centerpiece was exclusively for home decoration, and would not be necessary for use on a journey. The dress belonging to her mother was admitted to be not for the plaintiff's use. To broaden the rule so as to include the wearing apparel of other persons would be to practically destroy its purpose. The rule has been frequently decided to be a reasonable one, and should be reasonably construed; it is intended to secure to the traveler safe carriage of a reasonable amount of luggage for his use while he is absent from his residence, and it is also intended to protect the carrier from any dispute as to the amount of baggage which a passenger may claim to have carried. There is no obligation on the part of the carrier to carry the baggage of any other than the person who is riding on the ticket, and if the table centerpiece and dress had been for the personal use of the plaintiff, even though the title to it was in another, a different question would be presented. The rule is well settled that the liability of a carrier for a passenger's baggage, which has been entrusted to its care, is that of an insurer, the price paid for the ticket, or for transportation, embracing compensation for the carriage of the baggage and is limited to such articles as are necessary for the comfort of the passenger, and for all in addition to this class the carrier is not an insurer, but a bailee, and cannot be compelled to carry them unless an additional compensation is paid: Jacobs v. Central R. R. Co. of New Jersey, 19 Pa. Superior Ct. 13.

The assignments of error are overruled, and the judgment is affirmed.