Jacobs, Appellant, *v.* Central Railroad Company of New Jersey.

208    535
28 SC    112

*Railroad—Common carriers—Baggage—Limitation of liability.*

A common carrier of passengers may limit the amount of recovery that may be had for the loss of the passenger's baggage carried as an incident to his transportation, where the passenger does not disclose and pay for a greater value. The limitation of liability to 150 pounds of baggage at one dollar per pound, unless special agreement is made, is not an unreasonable one.

*Railroads—Carriers—Passengers—Tickets—Notice.*

Where a railroad company issues an excursion ticket in the form of a paper of some size, setting forth on its face, clearly, prominently and legibly a limitation of liability as to baggage "unless special agreement be made," and such limitation is reasonable, the passenger in accepting the ticket will be presumed to have read it, and will be bound by the reasonable limitation as to baggage.

Argued Jan. 18, 1904. Appeal, No. 68, Jan. T., 1902, by plaintiff, from judgment of Superior Ct., Oct. T., 1901, No. 144, affirming judgment of C. P. No. 3, Phila. Co., Dec. T., 1899, No. 661, on verdict for plaintiff, in case of Carrie Jacobs v. Central Railroad Company of New Jersey. Before

MITCHELL, C. J., DEAN, BROWN, MESTREZAT, POTTER and THOMPSON, JJ.  Affirmed.

Appeal from Superior Court.   See 19 Pa. Superior Ct. 13. The opinion of the Supreme Court states the case.

*Error assigned* was in affirming the judgment of the Superior Court.

*Joseph L. Greenwald,* with him *Clinton O. Mayer,* for appellant.—While a common carrier may restrict its common-law liability in cases other than those occasioned by its own negligence, yet it can only do so in such cases by special contract with the passenger or by a notice brought to the passenger's notice and assented to by him : ' Camden & Amboy R. R. Co. v. Baldauf, 16 Pa. 67 ; Verner v. Sweitzer, 32 Pa. 208 ; Wolf v. Western Union Tel. Co., 62 Pa. 83 ; Brooke v. Pickwick, 4 Bing. 218 ; Henderson v. Stevenson, L. R. 2 Sc. & Dv. 470 ; Hollister v. Nowlen, 19 Wend. 234 ; Cole v. Goodwin, 19 Wend. 251 ; Camden & Amboy R. R., etc., Transportation Co. v. Belknap, 21 Wend. 354 ; Rawson v. Penna. R. R. Co., 48 N. Y. 212 ; Baltimore & Ohio R. R. Co. v. Campbell, 36 Ohio, 647 ; Kansas City, etc., R. R. Co. v. Rodebaugh, 38 Kansas, 45 (15 Pac. Repr. 899) ; Mauritz v. R. R. Co., 23 Fed. Repr. 765 ; New Jersey Steam Navigation Co. v. Merchant's Bank, 47 U. S. 344.

A ticket is not in, the nature of a written contract between the carrier and the passenger.   It is a mere token or a voucher adopted for convenience to show that the passenger has paid his fare from one place to another : Rawson v. Penna. R. R. Co., 48 N. Y. 212 ; Quimby v. Vanderbilt, 17 N. Y. 306 ; Van Buskirk v. Roberts, 31 N. Y. 661 ; Elmore v. Sands, 54 N. Y. 512 ; Cleveland, Columbus & Cincinnati R. R. Co. v. Bartram, 11 Ohio, 457 ; B. & O. R. R. Co. v. Campbell, 36 Ohio, 647 ; Dietrich v. Penna. R. R. Co., 71 Pa. 432 ; Ry. Co. v. Clark, 72 Pa. 231 ; Lake Shore, etc., Ry. Co. v. Rosenzweig, 113 Pa. 519.

Furthermore, there is no presumption that a person who buys a ticket has informed himself of the conditions contained upon such ticket : Brown v. Eastern R. R. Co., 65 Mass. 97 ;

Malone v. Boston & Worcester R. R. Co., 78 Mass. 388; Sears v. Eastern R. R. Co., 96 Mass. 433; Hughes v. Penna. R. R. Co., 202 Pa. 222.

*Arthur G. Dickson*, with him *Richard C. Dale*, for appellee.—The purchase, acceptance, and use of a ticket constitute its terms the contract between the railroad company and the passenger, by which the passenger is bound: Crary v. Lehigh Valley R. R. Co., 203 Pa. 525.

A common carrier of passengers may limit the amount of recovery that may be had for the loss of a passenger's baggage carried as an incident to his transportation, in cases where the passenger does not disclose and pay for a greater value: The Kensington, 94 Fed. Repr. 885; The Priscilla, 106 Fed. Repr. 739.

OPINION BY MR. JUSTICE BROWN, March 28, 1904:

On the face of the ticket purchased by the appellant the following words were clearly and legibly printed: " In consideration of the reduced rate at which this ticket is sold, it will be GOOD FOR SIX (6) DAYS INCLUDING DATE OF ISSUE as stamped on back, and will be void if not used in that period. IS NOT GOOD TO STOP OFF.

" This ticket is void unless officially stamped and dated. In selling this ticket for passage over other lines, this company acts only as agent, and assumes no responsibility beyond its own road. Only 150 lbs. of baggage allowed each passenger. Company's responsibility for baggage limited to $1 per lb. unless special agreement be made. The coupons belonging to this ticket will be void if detached." This is not an attempt on the part of the common carrier to relieve itself from the consequences of its negligence, as it cannot, but is a limitation, by express contract, of its liability for the passenger's baggage which it carries without extra pay.

The appellant does not question the right of the railroad company to limit its liability for loss of a passenger's baggage by a distinct notice to him of a reasonable limitation adopted by it as to the quantity and value of the baggage it will carry for him on his ticket without additional compensation. It seems to be conceded that the rule as to this is well settled, and

we need not again call attention to the cases supporting it, which are cited in the opinion of the Superior Court: 19 Pa. Superior Ct. 13.

It seems also to be conceded that the limitation of liability to 150 pounds of baggage at one dollar per pound, unless special agreement was made, was not an unreasonable one. The real complaint made before us does not appear in the reasons upon which the application for the allowance of this appeal was based. It is that the notice of the limitation, which the appellee had fixed to its liability for the loss of the appellant's baggage, had not been given and assented to by her. That this is her real contention appears from the following, taken from the printed argument of her counsel: "Moreover, the law is equally well settled that while a common carrier may restrict its common-law liability in cases other than those occasioned by its own negligence, yet it can only do so in such cases by special contract with the passenger or by a notice brought to the passenger's notice and assented to by him. . . . The rule is relaxed in the case of baggage only to the extent that reasonable limitations of liability for lost baggage are permitted when fairly made, properly brought to the passenger's notice and assented to by him."

The ticket purchased by the appellant was an excursion one, good for six days, between New York and Philadelphia, and was sold to her at a reduced rate. There is no evidence that she was unable to read, and it would be a violent presumption that, when she paid for and received the ticket, she did not look at it to see that the agent had handed her what she wanted. It was not a small piece of pasteboard, such as is ordinarily used for tickets between stations, on the same line, but a paper of some size, setting forth on its face—not in small type unlikely to attract attention, but clearly, prominently and legibly—the terms on which it had been issued. The carrier had entered into a contract of carriage with the appellant, and so far as the terms of the contract appeared on the face of her ticket, and were reasonable, she was bound by them: Dietrich v. Penna. R. R. Co., 71 Pa. 432; Oil Creek & Allegheny River Ry. Co. v. Clark, 72 Pa. 231; Lake Shore & Michigan Southern Ry. Co. v. Rosenzweig, 113 Pa. 519.

Whether one who accepts a contract of carriage is conclu-

sively presumed to have assented to its terms, and is bound by them, whether he reads them or not, as has been held by courts of high authority, is not the question now before us.   It will be found discussed in Fonseca v. Cunard Steamship Co., 153 Mass. 553,* and the cases there cited.   In the absence of proof to the contrary, the presumption is that the appellant read the ticket, to the character of which attention has been called. While in no one of our own cases brought to our attention by counsel for appellee, or which we have been able to find, has the question of this presumption been passed upon, yet that it does arise seems to have been recognized in Penna. Central R. R. Co. v. Schwarzenberger, 45 Pa. 208.   In that case the passenger purchased a ticket from Philadelphia to Cincinnati.   On the face of it there was printed: " In selling this ticket for passage over road west of Pittsburgh, the Pennsylvania Railroad Company acts only as agent for the western lines, and assumes no responsibility west of Pittsburgh." The passenger's baggage was lost beyond Pittsburgh.   There was no evidence that Schwarzenberger had read his ticket. The court, through STRONG, J., in speaking of the contract between him and the railroad company, said: " But contemporaneously with the receipt of the fare, and as evidence of the contract into which they entered, they gave to the plaintiff a ticket, informing him that they assumed no responsibility for his carriage, and of course for the carriage of his baggage beyond Pittsburgh.   They notified him that they acted only as agents for the carriers, whose route extended westward from Pittsburgh, and not at all for themselves.   With this express disclaimer of personal liability, there is no possibility of implying an engagement."

If, then, the appellant read, as she is presumed to have done, what was printed on the face of her ticket, she knew the terms upon which she purchased it.   She was distinctly notified that the baggage which the appellee would carry for her was limited to 150 pounds in weight and in value to one dollar per pound; but she was notified still further that, by special agreement with the company, its liability would not be so limited, for the limitation is followed by the words: " Unless special agree-

---

* Also reported 27 N. E. Repr. 655.—REPORTER.

ment be made." Without additional compensation, her baggage, limited in amount and value, would be carried; for additional compensation, by "special agreement," she could have it carried without the limitation imposed which had been brought to her notice and assented to by her by her acceptance of the ticket: Crary v. Lehigh Valley R. R. Co., 203 Pa. 525. She did not avail herself of her right to make a special agreement by which her baggage, at its full value, would have been carried by the railroad company, and she is, therefore, bound by the reasonable limitation placed upon its liability, for it contravenes no statute, violates no duty to the public and was brought distinctly to her notice.

Judgment affirmed.