# Kast v. Philadelphia & Reading Railway Company, Appellant.

*Carriers—Common carriers—Railways—Baggage—Limitation of liability.*

Where a mileage book signed by a person to whom it is issued contains a stipulation that the right to travel did not carry with it any privilege for the transportation of merchandise or goods of any kind, and that no claim should be made for loss or damage to baggage, except for the wearing apparel of the person named on the ticket, no claim can be made for the loss of sewing machine tools carried by the person owning the mileage book, and intended to be sold by him to persons who might need them, while he is traveling as a salesman for a sewing machine company.

In such a case the fact that the stipulations were printed in small type and partially concealed by folded coupons is not material, if it appears that the stipulations were followed by these words: "I have purchased this ticket and agree to use it subject to above conditions," which were immediately above the line of the signature.

Generally whatever the passenger takes with him for his personal use or convenience according to the habits or wants of the particular class to which he belongs, either with reference to his immediate necessities, or the ultimate purpose of his journey, must be considered as personal baggage.

Argued Dec. 16, 1904. Appeal, No. 230, Oct. T., 1904, by plaintiff, from judgment of C. P., No. 3, Phila. Co., Dec. T., 1902, No. 2519, on verdict for plaintiff in case of The Philadelphia & Reading Railway Company v. Charles F. Kast. Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for loss of baggage. Before FINLETTER, P. J.

The facts appear by the opinion of the Superior Court.

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $176.40. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*John G. Lamb* for appellant.—This ticket was signed by the plaintiff, and that this stipulation as to amount was lawful was shown by the case of Jacobs v. Central Railroad Company of New Jersey, 19 Pa. Superior Ct. 13, affirmed by the Supreme Court in 208 Pa. 535.

That the articles claimed here as baggage cannot be included under this term has been settled in numerous cases: Talcott v. Railway Co., 66 Hun, 456 (21 N. Y. Supp. 318); Alling v. Railroad Co., 126 Mass. 121; Railroad Co. v. Carrow, 73 Ill. 348; Beckman v. Shouse, 5 Rawle, 179; Humphreys v. Perry, 148 U. S. 627 (13 Sup. Ct. Repr. 711); Haines v. Ry. Co., 29 Minn. 160 (12 N. W. Repr. 447).

*Robert P. Shick,* for appellee.—The question of what is baggage is one for the jury as a question of fact under all circumstances of the case: McGill v. Rowand, 3 Pa. 451; Porter v. Hildebrand, 14 Pa. 129.

That the learned court very properly charged the jury in directing it to disregard the limitation of liability in the ticket in evidence is amply warranted by the well-settled principle of

law in Pennsylvania, that a carrier cannot limit his liability for his own negligence: Steamship Co. v. Smart, 107 Pa. 492; Hughes v. Penna. R. R. Co., 202 Pa. 222.

Where baggage is lost a presumption of negligence arises and the carrier will be held liable for the full value notwithstanding a special contract fixing a less value : Adams Express Company v. Holmes, 19 W. N. C. 571; C. & A. R. R. Co. v. Baldauf, 16 Pa. 67 ; Buck v. Penna. R. R. Co., 150 Pa. 170 ; Needy v. R. R. Co., 22 Pa. Superior Ct. 489.

OPINION BY ORLADY, J., April 17, 1905:

The defendant company sold the plaintiff a mileage book in which there was a contract containing nine stipulations; the only one of importance for the purposes of this case being the eighth, which was as follows : " That it entitles the purchaser to travel only between regular stopping places of passenger trains, and that it is subject to all the rules and regulations of the company, and does not carry with it any privilege for the transportation of merchandise or goods of any kind.   The baggage of the person named on the ticket to the extent of one hundred and fifty (150) pounds only, will be carried free of charge, and in event of loss or damage to baggage no claim shall be made except for the wearing apparel of the person named on the ticket, the liability for which is limited to one hundred dollars ($100)."

By virtue of this ticket the plaintiff delivered a suit case and square leather grip to the proper baggage agent at Philadelphia for transmission to Williamsport, Pennsylvania, and received from him two of the defendant's baggage checks.   Upon arriving at his point of destination he presented the checks and was informed that the baggage had been lost.   Prompt payment was made for the dress suit case and the plaintiff's personal clothing contained therein, and this suit was then instituted to recover for the other articles.   The trial judge submitted the case to the jury to determine " whether the articles claimed for by the plaintiff were a reasonable amount for him to have as baggage on that occasion," and instructed them that " they were not restricted to the amount named in the contract in fixing the amount of the plaintiff's damages."   A verdict was returned for the whole of the plaintiff's claim,

$176.40, which was reduced to $100 by an order of the court upon a rule for a new trial and the excess was remitted by the plaintiff, so that it is not necessary to pass upon the plaintiff's right to recover in excess of the amount named in the contract (second and third assignments), which was evidently framed by the defendant in the light of the many decisions on that phase of the subject, as well as to confine the claims against it for loss of baggage of the person named on the ticket to the wearing apparel of that person, and exclude all liability as a passenger carrier for loss of merchandise or goods of any kind. It is not open to any other construction and the parties having full power to make it, and it having been fairly made, it must be held to fix the measure of the defendant's liability. That it was printed in small type and partially concealed by the folded coupons is not material, inasmuch as the plaintiff accepted it with the concluding recital as follows : " I have purchased this ticket and agree to use it subject to above conditions," which was immediately above the line he adopted for his signature; and whether he read it or not there is nothing in the case to show that he did not fully examine it, or have full opportunity to examine it, before signing. He was not misled or deceived and must be held to the reasonable interpretation of the special contract he deliberately signed and made with the defendant. He admits that he has been paid in full, to use his own words, " for all the personal baggage which he had with him on the trip," and that the articles for which payment was refused were " tools used in making repairs, and parts of various machines to be sold to persons who might be in need of them, while on the road as a salesman of the Wheeler and Wilson Sewing Machine Company."

Whatever of refinement there may be in some of the decisions in regard to the tools of an artisan, by no stretch of principle can the rule be made to include merchandise carried for sale. Nor could these items be held to be necessaries or conveniences to be used for his personal comfort while on his journey; manifestly they were articles of trade, or goods which he was vending and carrying with him to be delivered to prospective purchasers.

Generally whatever the passenger takes with him for his personal use or convenience, according to the habits or wants of

the particular class to which he belongs, either with reference to his immediate necessities or the ultimate purpose of the journey, must be considered as personal baggage : 1 Am. & Eng. Ency. of Law, 1042.   And although it is impossible to define with accuracy what will be considered baggage within the rule of the carrier's liability, Hutchinson on Carriers, sec. 679, the rule seems to be well settled that to justify a verdict for a loss while in the carrier's custody, the proof must be clear that the lost articles were such as are understood to be "of personal convenience or necessity and such as are usually carried by a passenger for personal use."   It involves a mixed question of law and fact, to be determined by a jury under proper instructions from the court.   The rule has been considered flexible enough to embrace valuable laces for personal adornment : Railroad Co. v. Fraloff, 100 U. S. 24; Saleeby v. Cent. R. R. Co. of N. J., 90 N. Y. Supp. 1042; cloth and material intended for use as clothing : Mauritz v. N. Y., etc., R. R. Co., 21 Am. & Eng. R. R. Cases, 286 ; s. c., 23 Fed. Repr. 765; tools, in reasonable quantities, of a mechanic while plying his trade as such : Porter v. Hildebrand, 14 Pa. 129 ; Kansas City, etc., R. R. Co. v. Morrison, 23 Am. & Eng. R. R. Cases, 481; watches and jewelry of husband and wife when intended to be worn by the passengers : McGill v. Rowand, 3 Pa. 451 ; Torpey v. Williams, 3 Daly (N. Y.), 162 ; Bomar v. Maxwell, 51 Am. Dec. 682; guns and fishing tackle when intended for the personal use of the traveler : Hawkins v. Hoffman, 51 Am. Dec. 44.

Delivery to a passenger carrier of a trunk or closed package, ostensibly containing ordinary baggage, without a statement of its contents, is equivalent to a representation by the passenger that it belongs to him and contains only such articles as are properly classed as personal baggage :  If it contains other articles, and the carrier is not informed of the fact, it is a deception upon the carrier as to such articles and as to such they are not carried under the carrier's contract : Story on Bailments, sec. 565 (9th ed.) ; Ill. Cent. R. Co. v. Matthews, 60 L. R. A. 846.

The special contract in this case relieves us from deciding whether under an ordinary passenger ticket he would be entitled to recover for the loss of his necessary tools, as they are

clearly eliminated by his agreeing to make no claim—except for wearing apparel. There is in every decided case examined the underlying requisite that the passenger had the title or right to possession in the goods lost and that they have been intended for the personal use of the traveler.

Bullion, samples of traveling salesmen, papers and documents of employer of traveler, deeds, works of art, plate, merchandise, medicines, presents intended for sale or delivery have been excluded from the class of personal baggage : Contract Co. v. Cross, 8 Am. Rep. 471 ; Penna. Co. v. Miller, 35 Am. Rep. 620 ; 2 Pepper & Lewis Dig of Dec., col. 2488–9 ; Mauritz v. N. Y., etc., R. R. Co., 23 Fed. Repr. 765 ; Jacobs v. Cent. R. R. of N. J., 19 Pa. Superior Ct. 13 ; s. c., 208 Pa. 535; Bullard v. Del. Lack. & W. R. R. Co., 21 Pa. Superior Ct. 583.

The first assignment of error is sustained and the judgment is reversed.