# Tamarin v. Pennsylvania Company, Appellant.

*Carriers — Common carriers — Railroads — Negligence — Bailee for hire.*

Where a railroad company accepts from a traveling salesman two trunks containing samples, and charges and receives a small amount for over weight, but makes no inquiry as to the contents, and no misrepresentations are made as to the contents, and thereafter the trunks and their contents are injured at a junction, by reason of the negligence

of the railroad company, while being transferred from one train to another, the company is liable as a bailee for hire of the goods.

Argued Oct. 22, 1912. Appeal, No. 105, Oct. T., 1912, by defendant, from order of C. P. No. 2, Phila. Co., Sept. Term, 1910, No. 4,058, refusing judgment for defendant n. o. v. in case of Morris Tamarin v. Pennsylvania Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for goods injured by a carrier in course of transportation. Before WILTBANK, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $287.37.

The court refused judgment for defendant non obstante veredicto.

*Error assigned* was in refusing judgment for defendant n. o. v.

*Joseph D. McCoy*, with him *John Hampton Barnes*, for appellant.—A railroad is not liable for loss of, or damage done to, a traveling salesman's samples carried by it as baggage: Merritt v. Lehigh Valley R. R. Co., 49 Pa. Superior Ct. 219; Bullard v. D., L. & W. R. R. Co., 21 Pa. Superior Ct. 583; Humphreys v. Perry, 148 U. S. 627 (13 Sup. Ct. Repr. 711); Weber Co. v. Ry. Co., 92 Iowa, 364 (60 N. W. Repr. 637); Weber Co. v. Ry. Co., 113 Iowa, 188 (84 N. W. Repr. 1042); Illinois Central Ry. Co. v. Matthews, 114 Ky. 973 (72 S. W. Repr. 302) (samples of dental goods); Alling v. Boston, etc., R. R. Co., 126 Mass. 121 (samples of jewelry); Rossier v. Wabash Ry. Co., 115 Mo. App. 515 (91 S. W. Repr. 1018); (samples of stationery); Texas & Pac. Ry. Co. v. Capps, 2 Tex. App. Civ. Cases, sec. 33 (commercial traveler's samples).

The payment of a charge for "excess weight" of a traveling salesman's samples transported as baggage by a railroad does not make it liable for loss of or damage done to

such samples: Merritt v. Lehigh Valley R. R. Co., 49 Pa. Superior Ct. 219; Illinois Cent. Ry. Co. v. Matthews, 114 Ky. 973 (72 S. W. Repr. 302).

*Albert S. Longbottom*, with him *Robert J. Byron*, for appellee.—A common carrier liable for the value of personal property, consisting of baggage and merchandise, destroyed by reason of its negligence, where there has been no concealment of the nature or value of the baggage and merchandise on the part of the shipper, and where the carrier made no inquiry regarding its nature or value, and the shipper paid the excess carrying charges demanded by the carrier: Trimble v. R. R. Co., 162 N. Y. 84 (56 N. E. Repr. 532); Jacobs v. R. R. Co., 19 Pa. Superior Ct. 13; Wright v. Express Co., 230 Pa. 635; Camden & Amboy R. R. Co. v. Baldauf, 16 Pa. 67; Talcott v. R. R. Co., 159 N. Y. 461 (54 N. E. Repr. 1); Sloman v. Ry. Co., 67 N. Y. 208.

The appellee, Tamarin, was under no duty which required him to state to the railroad company the contents of his trunks: Hughes v. R. R. Co., 202 Pa. 222; Caldwell v. Express Co., 36 Pa. Superior Ct. 465; Wright v. Express Co., 43 Pa. Superior Ct. 40; Davidson v. Express Co., 43 Pa. Superior Ct. 53; Blackburn v. Express Co., 43 Pa. Superior Ct. 276.

OPINION BY HEAD, J., February 27, 1913:

A clear statement of the material facts established in this case will aid in making plain the precise question with which we have to deal.  The plaintiff, a traveling salesman, bought from the defendant company a ticket entitling him to transportation from Wellsville, Ohio, over the line and branch line of the defendant, to New Castle, Penna.  At the same time he tendered to the baggage agent of the defendant, for transportation between the same points, two trunks and a telescope.  The agent made no request for any information as to the nature or value of the contents of the trunks; the plaintiff volunteered none.

The agent, after demanding and receiving a small sum of money on account of the weight of the trunks, accepted them and issued to the plaintiff the company's baggage checks for them. The plaintiff and his trunks arrived safely at New Castle Junction, at which point it became necessary to take another train on a branch line of the defendant to complete his journey. The trunks were safely unloaded at that point by the defendant's servants and placed on one of its ordinary trucks to be removed to another platform from which they could be loaded on the branch line train. The truck, loaded with the trunks of the plaintiff and other passengers, was wheeled across the intervening space to the proper platform and there deposited by the defendant's servant so close to the edge of the platform next the track, that a freight train of the company, passing almost immediately thereafter, struck it, scattered its contents and caused the injury to the plaintiff's property of which he complains in this action. It later appeared that the property injured and here sued for consisted of samples of the goods which the plaintiff was engaged in selling and not of his own wearing apparel or what may be strictly called personal baggage. All of the facts above stated are affirmatively proven by the testimony of the plaintiff. No one of them is controverted or denied. They must therefore be taken in the light of the verdict, as admitted or established. Do they exhibit a cause of action against the defendant? The latter offered no testimony but contented itself with a motion for binding instructions. This being refused, as well as a later motion for judgment non obstante veredicto, the defendant appeals.

As we view the case, we need not concern ourselves with several propositions urged upon us in the able brief of the appellant. We need not stop to inquire whether or not the defendant, as a common carrier, would have been obliged to receive and transport the plaintiff's property by reason of the fact merely that he had purchased a ticket for himself and was about to become a passenger. It

raised no such question and actually did receive the property and undertook to transport it. Nor need we trouble ourselves with the difficulties which the plaintiff would have encountered had his trunks simply been lost without any affirmative proof that such loss was caused by the negligent act of the defendant. In such case he would have been compelled to rely upon certain legal presumptions which attach only to a common carrier and arise from its obligation as an insurer. We have here affirmative and uncontradicted evidence that the loss complained of was the direct result of the negligent act of the defendant's servants. Nor is it of vital importance that the sum of money which the defendant demanded and received from the plaintiff, in addition to the price of his own ticket, was small and fixed with reference to the weight of the trunks rather than to the value of their contents. If indeed the trunks and their contents were of such character that the defendant was not legally obliged to transport them, it could have declined to accept them. Or, if it chose to accept them, it could fix its own reasonable terms upon which it would carry them. Nor are we confronted with the situation that might have arisen had the plaintiff, by any fraud or misrepresentation, induced the defendant to accept the trunks when otherwise it would have declined to do so. The evidence is wholly barren of any foundation to support any such consideration.

What then is the plain question we are called upon to answer? The defendant received the property of the plaintiff and undertook to transport it to New Castle. It received compensation for such undertaking, the measure of the compensation being fixed by itself. The property was safely carried until the junction point referred to was reached. There it was injured or destroyed by the negligent act of the defendant. Under these facts, that the defendant became a bailee for hire seems to us to be undeniable. In such case its liability would certainly be at least that of an individual bailee or private carrier. It is no new proposition of law to assert that such bailee is

answerable for a loss to the bailed property caused by his own negligence. This seems to us to be the controlling question in the case.

But it is strenuously urged upon us that our own case of Merritt v. Lehigh Valley Railroad Co., 49 Pa. Superior Ct. 219, conclusively establishes that under the present state of facts the defendant is absolutely relieved of liability, even for loss resulting from its own proven negligence, because the contents of the trunks were in legal phrase "merchandise" and not baggage. To this we cannot assent. An examination of the record in the case referred to will clearly show that the controlling question, not only in the court below but in this court, was whether the railroad company, at the time of the loss of the trunks, was liable as a common carrier or only as a warehouseman. There the contract of carriage, if there were one, had been completed. The trunks had safely reached their destination. The owner, for his own convenience, had stopped en route and was not at the point of destination to receive his trunks when they arrived. The company was consequently compelled to store them in its warehouse to await his demand for them. While so stored the warehouse with its contents, including the trunks mentioned, was destroyed by fire. There was no evidence whatever that the fire was caused by any negligent act of the railroad company. Manifestly then the plaintiff had to rely on the proposition that the company remained an insurer of his property and had not become a warehouseman. His contention in this respect was not supported by the evidence, and the learned trial judge felt compelled to declare at the time the property was destroyed the company was but a warehouseman, and, as no act of negligence on its part had been established, the plaintiff was without remedy.

When the case came into this court on appeal, the able counsel for the appellee himself thus stated in his paperbook the single question involved, to wit, "At the time of the destruction of the appellant's property, was the

liability of the appellee that of an insurer or that of a warehouseman? The answer of this court was that the learned trial judge was correct in holding, under the evidence, that the company was but a warehouseman, and the judgment was affirmed. In the opinion filed by our Brother MORRISON that phase of the case was first taken up and considered, and it was clearly pointed out that the opinion of the learned trial judge, which dealt solely with the question we have stated, exhibited sufficient reasons and authorities to sustain the judgment he had entered. Judge MORRISON then proceeds to discuss briefly some considerations which, under the facts of that case, would further strengthen the conclusion reached by the court below and this court. He introduces his remarks on this subject with these significant words: "But in addition to what is said in that opinion we suggest that there was no obligation on the part of the appellee to carry merchandise as baggage." After the statement of some legal propositions which are undeniably correct when properly applied, he concludes his remarks on that subject with the repetition of the same thought with which he began it, to wit: "But, even if the appellee had received the trunks as merchandise to be carried as such between the points of shipment and destination, the appellee's responsibility as a carrier ended when the trunks arrived at Laceyville and were deposited in the baggage room."

It cannot therefore be successfully urged that the case cited is in its material aspects in the same category with the present case. The all-important question of fact which distinguishes this case from the Merritt case and others cited is that here we have affirmative proof that the bailed property, whilst in the hands of the bailee, was injured or destroyed by its own negligent act. We have been pointed to no case and our own research has failed to develop one where, under such circumstances, a railroad company has been relieved from liability for its own negligence because the property destroyed was merchan-

dise rather than baggage, when its undertaking to carry was not induced by any fraud or misrepresentation of the owner.

In Camden & Amboy Railroad Co. v. Baldauf, 16 Pa. 67, a plaintiff was permitted to recover the value of the contents of his trunk which included a quantity of silver coin, although he was not able to prove affirmatively that the loss occurred by the negligent act of the defendant. It is true, some propositions were advanced in that case as to the nature of a notice which the company was obliged to give to a traveler in attempting to restrict its own liability,¹ and in this respect perhaps the case has been somewhat criticized in the later decisions. But in no case has it been asserted that a railroad company may not undertake to carry as baggage what might be strictly termed merchandise, and if it does so undertake, that it will be excused from liability for loss where such loss is shown to have resulted from its own negligence. In one of the later cases, Brown v. Camden & Atlantic Railroad Co., 83 Pa. 316, Mr. Justice SHARSWOOD quotes the earlier case among others as authority for the proposition that "the party who sends goods by a common carrier is not bound to declare their value unless required to do so." In Farnham v. Camden & Amboy Railroad Co., 55 Pa. 53, Mr. Justice THOMPSON says: "By the common law the carrier is an insurer of the goods intrusted to him, excepting so far as they are damaged by the act of God or public enemies. By a contract limiting liability he is an insurer by agreement, and according to its terms. If there be a loss, the agreement furnishes the extent of liability and is confined to that, unless he can show that the loss occurred from the willfulness or negligence of the carrier. His liability is as a private carrier or bailee, a consequence of the limitation."

Whilst the exact question now before us did not arise either in Jacobs v. Railroad Co., 19 Pa. Superior Ct. 13, or Bullard v. Railroad Co., 21 Pa. Superior Ct. 583, the principle here stated is recognized in those cases, as is

clearly indicated by the following extract from the opinion of our Brother ORLADY in the case last cited: "The rule is well settled that the liability of a carrier for a passenger's baggage, which has been intrusted to its care, is that of an insurer, the price paid for the ticket, or for transportation embracing compensation for the carriage of the baggage, and is limited to such articles as are necessary for the comfort of the passenger, and for all in addition to this class the carrier is not an insurer, but a bailee, and cannot be compelled to carry them unless an additional compensation is paid."

We are therefore of opinion that the learned court below could not have granted the motion for judgment for the defendant non obstante veredicto, and as the refusal of this motion constitutes the sole assignment of error, the assignment must be overruled.

Judgment affirmed.