## Hertz *v.* Adams Express Company, Appellant.

*Carriers—Interstate commerce—Limitation of liability.*

A provision in a bill of lading for an interstate shipment by which the carriers' liability is limited to an agreed valuation is valid in Pennsylvania.

Argued Oct. 8, 1913. Appeal, No. 293, Oct. T., 1912, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1908, No. 4,600, on verdict for plaintiff in case of Emil J. Hertz v. William M. Barrett, as President of the Adams Express Company, a Joint Stock Association. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Trespass for loss of goods. Before CARR, P. J.

Verdict and judgment for plaintiff for $1,458.60. Defendant appealed.

*Errors assigned,* were various instructions.

*John Lewis Evans,* with him *Thomas DeWitt Cuyler,* for appellant.

*J. H. Buckman,* of *Buckman & Buckman,* for appellee.

PER CURIAM, December 8, 1913:

The assignments of error raise the question of the validity of a provision in a bill of lading for an interstate shipment by which the carrier's liability is limited to an agreed valuation. This question, as affected by the decisions of the supreme court of the United States in Adams Express Company v. Croninger, 226 U. S. 491, and other decisions of that court following its lead, was considered in two recent decisions of this court: Dodge v. Adams Express Company, 54 Pa. Superior Ct. 422, and Wright v. Adams Express Company, 54 Pa. Superior Ct. 485. It is due to the learned trial judge to say that this case was tried before those decisions were rendered, and that his refusal of the defendant's point was in accordance with earlier decisions of this court and of the Supreme Court of the state. But the later decisions of the supreme court of the United States, interpreting the act of congress, now require us to hold with regard to interstate shipments that "where the published rates of an express company are fixed on the basis of an agreed on value of the package to be carried, unless a higher value be stated and a corresponding rate paid, the amount of the value so fixed in the bill of lading is the limit of a plaintiff's right of recovery:" Wright v. Adams Express Co., 54 Pa. Superior Ct. 485. The reasons for holding that the decisions of the United States supreme court upon that question are paramount and binding are set forth in the decisions of this court to which we have referred, and need not be further elaborated here.

The judgment is reversed and a venire facias de novo is awarded.