# Pennsylvania Railroad Company *v.* Descalzi, Appellant.

*Carriers—Common carriers—Liability of consignee for freight—Shipment of goods different from that ordered.*

A consignee who rejects a shipment of merchandise because the goods shipped were not of the grade ordered by him, is liable to the common carrier for the freight and the other lawful charges thereon.

Submitted April 13, 1915. Appeal, No. 145, April T., 1915, by defendants, from order of C. P. Allegheny Co., April T., 1912, No. 965, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Pennsylvania Railroad Company v. John B. Descalzi et al., trading and doing business as the Descalzi Fruit Company. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for freight.

Rule for judgment for want of a sufficient affidavit of defense.

FRAZER, P. J., filed the following opinion:

Defendants purchased from J. D. O'Dell, of Gainesville, Florida, a carload of melons, which were shipped from Gainesville by J. D. O'Dell, consigned to defendants at Pittsburg. Upon receipt of the car at Pittsburg defendants were notified and receipted for same, subsequently refusing to accept the melons, whereupon they were sold in accordance with the act of assembly

applicable to such cases, and after applying the amount received from the sale to the payment of demurrage, track storage and freight charges there remained due plaintiff a balance of $134.37, to recover which this action was brought, together with interest from August 1, 1911.

Plaintiff's statement sets forth that "prior to June 22, 1911, the defendants ordered of one J. D. O'Dell certain melons, whereupon, on June 22, 1911, the said J. D. O'Dell shipped from Gainesville, Florida, in S. A. L. car No. 23454, a carload of melons weight 28,000 lbs., consigned to the Descalzi Fruit Company, Twenty-first street, Pittsburg, Pa. The melons shipped by J. D. O'Dell were those ordered by the defendants." The affidavit of defense "denies that the melons shipped by J. D. O'Dell were those ordered by defendants, but on the contrary, avers that the defendants purchased from the said J. D. O'Dell a carload of melons each of which was to weigh not less than thirty-five lbs. but the said J. D. O'Dell shipped to the defendants a carload of melons, each of which weighed not more than twenty-five lbs.; that the aforesaid twenty-five lb. melons were about twenty-five per cent cheaper in price than those ordered by defendants from said J. D. O'Dell, and constituted a secondary grade or class as compared to those purchased by defendants as aforesaid." These clauses from plaintiff's statement and defendants' affidavit of defense raise the real question in this case.

Plaintiff's contention is that when defendants directed O'Dell to ship to them a carload of melons they constituted O'Dell their agent to employ a carrier to deliver the melons to defendants at Pittsburg, and by reason of such employment defendants became liable to the carrier for the freight and other charges. As a general proposition of law this contention is correct, at least where the defense is that the articles shipped were not of the grade ordered by the consignee, as claimed in this case. In such cases a delivery to the carrier is a de-

livery to the purchaser, and the consignee must look to the consignor for any defect in the articles or goods consigned. ·If an article entirely different from that ordered were shipped we would have before us a different question. The denial in the affidavit of defense as to the amount realized from the sale of the melons by plaintiff and the amount charged for track storage demurrage, etc., is not sufficient, in this, that it does not particularly state in what respect those charges are improper. Taking the affidavit of defense as a whole, in our opinion it is insufficient.

And now, to-wit: April 22, 1914, rule absolute. To which order defendants except, and at their instance bill sealed.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*Alpern & Seder,* for appellants.

*Patterson, Crawford & Miller* and *Edwin P. Griffiths,* for appellee.

PER CURIAM, May 14, 1915:

The judgment is affirmed upon the opinion of Judge FRAZER.