# Philadelphia & Reading Ry. Co., Appellant, *v.* Parry.

*Railroads—Carriers—Suit for freight charges—Interstate Commerce—Affidavit of defense.*

In an action by a railroad company to recover freight charges on an interstate commerce shipment, where the statement of claim sets forth a portion of the Interstate Commerce Act and avers that the charges were in accordance with the schedules filed by the plaintiff, the defendant cannot in his affidavit of defense demand that the act of congress and the schedules be proved. The rates established by the schedule are matters of positive law, and shippers and consignees alike are charged with knowledge of them.

When a purchaser orders goods from a vendor residing at a great distance, without directing in what manner the goods are to be delivered, the order to ship necessarily authorizes the vendor to ship by the usual routes of commerce. If the vendor delivers the goods

to the initial carrier of the usual route, the title to the goods passes to the consignee, and the latter will be liable for the freight charges.

A consignee of lumber who refuses to accept delivery thereof from the carrier at destination, because the lumber was not of the kind and character which he ordered, will not be relieved from liability for the charges of transportation.

Argued Nov. 10, 1916.    Appeal, No. 277, Oct. T., 1916, by plaintiff, from order of C. P. No. 2, Philadelphia Co., Dec. T., 1915, No. 2109, discharging rule for judgment for want of a sufficient affidavit of defense in case of Philadelphia & Reading Railway Co. v. Charles K. Parry, trading as Charles K. Parry & Company.    Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-LER and WILLIAMS, JJ.    Reversed.

Assumpsit for freight charges.

Rule for judgment for want of a sufficient affidavit of defense.

The opinion of the Superior Court states the case.

*Error assigned* was order discharging rule for judgment for want of a sufficient affidavit of defense.

*George Gowen Parry,* for appellant.—The act of congress, the tariffs, rates and charges are all fairly set forth in the statement and since the defendant is charged with legal notice thereof "his plea of ignorance will not avail him": P. & R. Ry. Co. v. Baer, 56 Pa. Superior Ct. 307; Pennsylvania R. R. Co. v. Midvale Steel Co., 201 Pa. 624; Penna. R. R. Co. v. Descalzi, 59 Pa. Superior Ct. 614.

A consignee, who has exercised rights of dominion over a shipment which he subsequently refuses to accept, is liable to the carrier for its lawful charges thereon: Philadelphia & Reading Ry. Co. v. Baer, 56 Pa. Superior Ct. 307; Schmertz v. Dwyer, 53 Pa. 335; Philadelphia & Reading Ry. Co. v. Wireman, 88 Pa. 264; Bacharach

v. Chester Freight Line, 133 Pa. 414; Dannemiller v. Kirkpatrick, 201 Pa. 224.

It is contended that the defendant is liable for the unpaid charges on these shipments of lumber as the owner thereof after delivery to the carrier and because when he directed Roach to ship him the lumber he constituted him the defendant's agent to contract on his behalf with the carrier for such shipment: Pennsylvania Railroad Co. v. Dreifus, 25 D. R. 265.

*Horace Michener Schell*, with him *Walter Biddle Saul*, for appellee.

OPINION BY PORTER, J., March 13, 1917:

The plaintiff brought this action to recover the freight and charges upon two car-loads of lumber which had been ordered by the defendant from C. A. Roach, of Bingham, South Carolina, to be shipped to Reading, Pa. Roach had delivered the lumber to the Atlantic Coast Line Railroad Company, which company delivered to him bills of lading for the cars, the shipment being routed through to Reading, via the Philadelphia & Reading Railway Co., and consigned to this defendant. The defendant notified the Philadelphia & Reading Railway Co. to deliver the cars to Abner S. Deysher, but the latter declined to accept the cars or pay the freight and charges. The defendant having filed an affidavit of defense, the plaintiff took a rule to show cause why judgment should not be entered for want of a sufficient affidavit of defense, which rule the court discharged, and from that action we have this appeal.

The statement of the plaintiff set forth, in part, the provisions of the Interstate Commerce Act, and the amendments thereto, including the requirement that every common carrier subject to its provisions shall file with the Interstate Commerce Commission, and print and keep open for public inspection, schedules showing all rates, fares and charges for transportation between

different points on its own route and between points on its own route and points on the route of any other carrier by railroad or water. It averred that the carriers who performed the services in connection with the shipments here involved had complied with all the provisions of the legislation by congress and had filed schedules showing rates and charges and kept the same open for public inspection as required by the statutes, and specifically set forth the rates and charges applicable to the shipments in question. In reply to these particular averments the affidavits set up that the defendant demanded "that the said act of congress mentioned in paragraph 1 of the plaintiff's statement, if it be material, be proved"; and as to the rates and charges averred that the defendant had no knowledge of the same and demanded that the same be proved, if material. It is not necessary to treat seriously these averments of the affidavit. This was an interstate shipment and the courts were bound to take notice of the act of congress, regulating interstate commerce. The rate for transportation was not a subject of contract, it had become a matter of positive law, and shippers and consignees alike are charged with knowledge of the rates and charges to be paid and are not entitled to exemption from compliance therewith; it is not merely the regulation of the carrier; it is the tariff established by law: Philadelphia & Reading Ry. Co. v. Baer, 56 Pa. Superior Ct. 307. In such a case it is not enough for a defendant to aver that he does not know what the legal rates are and demand proof thereof, he must go farther and aver that the charges attempted to be imposed are invalid and state what the legal rates are.

The affidavit of defense averred that the defendant had nothing to do with the loading of the cars of lumber, that he made no agreement whatsoever with the Atlantic Coast Line Railroad Co., or the Philadelphia & Reading Ry. Co., and that any agreement that was made was between the owner of the lumber, C. A. Roach, and the At-

lantic Coast Line Railroad Co., and the defendant had no notice of the making of the said agreement or any part therein, and that the said Roach had no authority to make any agreement on behalf of the defendant. This averment is manifestly evasive, and attempts to substitute a conclusion of law instead of distinctly averring the facts upon which such a conclusion might have been founded. The affidavit does not deny that the defendant had ordered of Roach the lumber in question, nor that he had directed Roach to consign the lumber to him. When a purchaser orders goods from a vendor residing at a great distance, without directing in what manner the goods are to be delivered, the order to ship necessarily authorizes the vendor to ship by the usual routes of commerce. This defendant is presumed, as matter of law, to know that the charges for the transportation of goods from Bingham, South Carolina, to Reading, Pennsylvania, are established by law, and he is also presumed to know that the initial carrier upon receiving the shipment was by law required to issue a receipt or bill of lading therefor, constituting the contract for carriage. He knew that when Roach made the shipment, which the defendant had ordered, he, the defendant, would be named as the consignee, in the bill of lading. It is well settled that, in the absence of an agreement to the contrary, when a vendor sells goods to a vendee residing at a distance, a delivery of the goods to a carrier for transportation is a delivery to the purchaser. The delivery to the carrier vests the title to the property in the purchaser. When goods are left with a common carrier to be delivered to the consignee, without any qualifications or restrictions, the consignor parts with the goods and all control over them, and cannot by any subsequent direction, to the carrier, prevent the delivery to the consignee, unless such facts are shown as will justify a stoppage of the goods in transit. When the goods are so consigned they are at the risk and expense of the consignee: Schmertz v. Dwyer, 53 Pa. 335; Dannemiller v.

Kirkpatrick, 201 Pa. 224.    The affidavit in this case distinctly admitted that the ground upon which his refusal to receive the lumber was based was "because the said lumber was not of a kind and character which the said consignor, C. A. Roach, had agreed to deliver." This admission makes this case strikingly similar to that of Pennsylvania R. R. Co. v. Descalzi, 59 Pa. Superior Ct. 614, in which it was held that the mere fact that the goods were not of the quality which the vendor was ordered to ship did not relieve the consignee from liability for the charges of transportation.    In such a case the consignee must look to the consignor to recover for any loss sustained because of any defect in the goods consigned.    If this affidavit of defense had averred that Roach had agreed to deliver the lumber at Reading and that the carrier had notice of that fact, an entirely different question would have been presented.    We cannot, however, assume such to be the fact, in the absence of an express averment of it in the affidavit.    The affidavit did not sufficiently aver any facts which constituted a defense to the action set forth in plaintiff's statement.

The order discharging the rule is reversed and the record is remitted to the court below, with direction to enter judgment against the defendant for such sum as to right and justice may belong, unless other legal or equitable cause be shown to the court below why such judgment should not be so entered.