# Yaeck v. Adams Express Company, Appellant.

*Carriers—Express companies—Receipt—Interstate commerce.*

A State court cannot pass upon the question of the unreasonableness of a uniform express receipt for interstate shipments filed with the Interstate Commerce Commission with the schedules of the company. Such a question arises under the Federal law, and the operation and effect of the contract as shown by the receipt must be determined in accordance with such law.

Where an express company's receipt for a package states that the property is accepted as merchandise only, and states that the company will not be liable for the loss of jewelry unless such articles are enumerated in the receipt, and the package in fact contains jewelry, although this is not mentioned in the receipt, the company cannot be held liable for the loss of the package either as "jewelry," or as "merchandise."

The terms of such a receipt are not inconsistent with the rule that the carrier cannot exempt himself from liability for the negligence of himself or of his employee.

Submitted Oct. 17, 1917. Appeal, No. 110, Oct. T., 1917, by defendant, from judgment of Municipal Court, Philadelphia Co., Jan. T., 1916, No. 545, on verdict for plaintiff in case of William T. Yaeck and Elmer E. Pfersich, trading as A. L. Pfersich and Co., v. Adams Express Co. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Assumpsit for loss of jewelry. Before GORMAN, J.

From the record it appeared that on December 31, 1914, the plaintiffs shipped over the defendant's lines a package of jewelry of the value of $136.45 from their place of business in Philadelphia to a New York consignee.

The express receipt issued by the defendant company to the plaintiffs at the time of the shipment contained the following clause:

"3. Said property is accepted as merchandise only, and the company shall not be liable for the loss of money, bullion, bonds, coupons, jewelry, precious stones, valuable papers or other matter of extraordinary value, unless such articles are enumerated in the receipt, as the company does not transport such articles except through its money department."

The plaintiffs did not enumerate in the express receipt the articles of jewelry contained in the package.

The form of the receipt had been filed with the Interstate Commerce Commission with the schedules of the company.

Verdict for plaintiff for $55.50 on which judgment was entered for $50. Defendant appealed.

*Error assigned* was in overruling defendant's motion for judgment n. o. v.

*William A. Schnader,* with him *Thomas DeWitt Cuyler,* for appellant.—The uniform express receipt having been filed with the Interstate Commerce Commission, the courts have no power to hold its provisions unreasonable and invalid independently of prior action by the commission: Texas & Pacific Ry. v. Abilene Cotton Oil Co., 204 U. S. 426; Texas & P. R. Co. v. Cisco Oil Mill, 204 U. S. 449; Penna. R. R. Co. v. Clark Bros. Coal Mining Co., 238 U. S. 456; Boston & Maine R. R. v. Hooker, 233 U. S. 97.

Even if the reasonableness and validity of the "Jewelry Clause" be deemed a question for judicial inquiry independently of prior action by the Interstate Commerce Commission, the question must be determined by Federal not State,—law: Adams Express Co. v. Croninger, 226 U. S. 491; Chicago, Burlington & Quincy Ry. Co. v. Miller, 226 U. S. 513; Chicago, St. Paul, Etc., Ry.

Co. v. Latta, 226 U. S. 519; Kansas City Southern Ry. v. Carl, 227 U. S. 639; Missouri, Kansas & Texas Ry. Co. v. Harriman, 227 U. S. 657 (1913); Chicago, Rock Island & Pacific Ry. Co. v. Cramer, 232 U. S. 490; Boston & Maine R. R. v. Hooker, 233 U. S. 97; Atchinson, Topeka & Santa Fe Ry. v. Robinson, 233 U. S. 173; Charleston, Etc., R. R. v. Varnville Co., 237 U. S. 597; Cleveland, Etc., Ry. Co. v. Dettlebach, 239 U. S. 588; Southern Ry. Co. v. Prescott, 240 U. S. 632; Georgia, Florida & Alabama Ry. Co. v. Blish Milling Co., 241 U. S. 190; Atchinson, Topeka & Santa Fe Ry. Co. v. Harold, 241 U. S. 371; Dodge v. Adams Express Co., 54 Pa. Superior Ct. 422; Wright v. Adams Express Co., 54 Pa. Superior Ct. 485; Hertz v. Adams Express Co., 55 Pa. Superior Ct. 378.

Under the Federal law, the jewelry clause is valid: Adams Express Co. v. Croninger, 226 U. S. 491.

*James Gay Gordon, Jr.,* for appellee.—In the receipt given by the carrier to the shipper, and signed by him, embodying the terms of the contract of this shipment, the liability of the express company in case of loss is limited to $50. Under the decisions such a contract of shipment, limiting the liability of the carrier to a certain amount is valid: Hart v. Pa. R. R. Company, 112 U. S. 331; Adams Express Company v. Croninger, 226 U. S. 491; Wells Fargo Company v. Neiman-Marcus Company, 227 U. S. 469; Missouri, Kansas and Texas R. R. Company v. Harriman Brothers, 227 U. S. 657; Pierce Company v. Wells Fargo Company, 236 U. S. 278; Geyer v. U. S. Express Co., 50 Pa. Superior Ct. 301.

OPINION BY HENDERSON, J., March 2, 1918:

The plaintiffs shipped a package of jewelry from Philadelphia to New York. It was lost in transit and this action was brought to recover for the loss. The receipt given by the defendant to the plaintiffs was in the form filed with its tariff rates with the Interstate Commerce

Commission.   It contained the following clause: "3. Said property is accepted as merchandise only, and the company shall not be liable for the loss of money, bullion, bonds, coupons, jewelry, precious stones, valuable papers or other matter of extraordinary value unless such articles are enumerated in the receipt, as the company does not transport such articles except through its money department." The form of receipt having been filed with the Interstate Commerce Commission with the schedules of the company the question of the unreasonableness of its provisions is not one for our consideration. That is a question arising under Federal law. The regulation is one involved in interstate commerce and the preservation of the uniformity which it was the object of the interstate commerce legislation to secure requires that the courts may not as an original question exercise authority over subjects which primarily come within the jurisdiction of the commission: Tex. & Pac. Ry. v. Amer. Tie & Timber Co., 234 U. S. 138. It is also true that the operation and effect of the contract for interstate shipment as shown by the receipt is to be determined in accordance with the Federal law: Mo., Kan. & Tex. Ry. Co. v. Harriman, 227 U. S. 657; Hertz v. Adams Express Co., 55 Pa. Superior Ct. 378. The interstate commerce legislation requires that the schedules to be filed state "all privileges or facilities granted or allowed and any rules or regulations which in anywise affect or determine any part of the rates, fares and charges or the value of the service rendered to the shipper or consignee." According to the law as announced by the courts of the United States the clause relating to jewelry in the receipt is a valid regulation of the defendant's business.   It has not the effect to exempt the carrier from liability for negligence but is a proper notice that certain merchandise of unusual value is carried under special conditions only.   Gold, jewelry and precious stones are peculiarly the subjects of cupidity and are as a matter of common prudence more carefully

handled and securely guarded than ordinary merchandise. It is reasonable therefore that a carrier when called upon to transport such property should make a special acceptance and prescribe the conditions under which it is to be shipped. This right is not inconsistent with the rule that the carrier can not exempt himself from liability for the negligence of himself or his employees. He is entitled to receive compensation proportionate to the risk and to protect himself from fraud or imposition by reasonable rules and regulations: Hart v. Penna. Ry. Co., 112 U. S. 331; Adams Express Co. v. Croninzer, 226 U. S. 491. As the contract with the defendant did not enumerate the jewelry contained in the package entrusted to the defendant the only question for determination is whether the plaintiff can recover under the terms of the contract. There can be no doubt that it provides for exemption from liability for the loss of jewelry unless such articles are enumerated in the receipt, the reason for this regulation being that the company does not transport such articles except through its money department. It is contended, however, by the appellees that the first clause of the paragraph "said property is accepted as merchandise only" creates a liability for the loss of property as "merchandise" although it is conceded that there would be no liability for it as "jewelry." This is a construction, however, which seems to nullify the whole paragraph. If it were not so stated in the receipt the property would be accepted as merchandise in the absence of an agreement to the contrary. It was not necessary, therefore, for the company to specially agree that it accepted the shipment as merchandise. That, as shown by the form of receipt filed with the Interstate Commerce Commission, is a provision of all of the express receipts. The evident purpose of the provision was to distinguish the enumerated articles from merchandise generally and to provide that for the shipment of a more valuable class a special method be used which required the statement in the receipt of the

particular articles included in the shipment.   This was in the interest of both the shipper and carrier as the plan adopted by the company insured greater care and a better means of ascertaining the time and place of losses if any should occur.   The declaration of the receipt that the company shall not be liable for lost jewelry except on the conditions stated excludes the theory that it may be liable for the same property as merchandise.   The designations of the accepted property are clear; the reason for the special acceptance is plainly stated; the right of the company to impose such a condition is sustained by the highest judicial authority in the land and there seems therefore no ground on which to rest the determination that the company is liable for the loss of jewelry when the shipper does not declare the contents of the package.   All persons are presumed to know the law regulating interstate commerce and in this case there was an express declaration in the receipt of the terms on which the property was accepted.   But whether the shipper was unaware of the law and the regulation of the company or not he is bound by the terms of the contract as it was the right of the company to impose the condition as to liability.

The judgment is reversed.