# Kaplan *v.* Director General of Railroads, Appellant.

*Carriers—Railroads—Baggage—Interstate commerce—Rules of Interstate Commerce Commission — Effect — Shipment accepted through deceit—Baggage check—Effect.*

Under the common law, as interpreted by the federal courts, a common carrier is not liable for loss of merchandise checked as personal baggage.

Where a shipper delivered to a railroad company a box of merchandise as personal baggage, although such practice was directly contrary to the published rules and regulations of the company, as filed with the Interstate Commerce Commission, and the box was lost in transit, there can be no recovery. The fact that the baggage agent issued a check, without first requiring a ticket, did not affect the rights or liabilties of the parties, which were determined by the rates and regulations as filed with the Interstate Commerce Commission.

All shippers are charged with notice of the provisions of tariffs which are filed with the Interstate Commerce Commission, as required by the Interstate Commerce Law.

In an interstate shipment the rate for transportation is not subject of contract between the parties. It is a matter of positive law and the shipper and consignee alike are bound by the requirements stipulated.

Argued December 8, 1921. Appeal, No. 15, Oct. T., 1921, by defendant, from judgment of the Municipal Court of Philadelphia County, July T., 1919, No. 410, for plaintiff, in case tried by the court without a jury, in suit of Jacob Kaplan v. Director General of Railroads. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit to recover value of a box of merchandise. Before BONNIWELL, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the plaintiff, and entered judgment in the sum of $559.94. Defendant appealed.

196 KAPLAN *v.* DIRECTOR GEN. OF R. R., Appellant.

Assignment of Error—Opinion of the Court. [78 Pa. Superior Ct.

*Error assigned* was the order of court overruling motion for judgment notwithstanding the finding.

*Charles Myers* and *Sharswood Brinton,* for appellants.—At common law, as interpreted by the Pennsylvania courts, a common carrier is not liable for the loss of merchandise checked as personal baggage: Bullard v. D., L. & W. R. R. Co., 21 Pa. Superior Ct. 583; Kast v. P. & R. Ry. Co., 28 Pa. Superior Ct. 107.

By express provision of defendant's tariff, it is exempted from liability for loss of merchandise checked as personal baggage: B. & M. R. R. Co. v. Hooker, 233 U. S. 97; W. J. & S. R. R. Co. v. Whiting Lumber Co., 71 Pa. Superior Ct. 161; Yaeck v. Adams Express Co., 69 Pa. Superior Ct. 143; P. & R. Ry. Co. v. Parry, 66 Pa. Superior Ct. 49.

*Maurice G. Weinberg* and *Herbert B. Weinberg,* for appellee.—It is immaterial whether the goods were received as baggage or freight, the carrier is responsible for the loss: Wright v. Adams Express Co., 230 Pa. 635; Caldwell v. U. S. Express Co., 36 Pa. Superior Ct. 465; Doyle v. C. R. R. Co., 45 Pa. Superior Ct. 217.

Opinion by Orlady, P. J., March 3, 1922:

This action in assumpsit was brought against the director general of railroads to recover the value of a box of merchandise which the plaintiff delivered to the Pennsylvania Railroad, then being operated by the director general of railroads, in Philadelphia, for transportation to New York. The receipt of the merchandise was admitted, as well as the nondelivery at the destination, but the defense is interposed that the box and its contents were not of the kind or class of property for which the defendant was liable in the event of its loss. There was no dispute as to the facts. The plaintiff, a manufacturer of and dealer in navy uniforms, in Philadelphia, on the 24th of June, 1918, prepared a box of goods con-

sisting of uniforms, blouses and other new wearing apparel, of the value of $500, intended for shipment to his son in Brooklyn, for sale. He first endeavored to have them shipped by Adams Express Company, but on account of rush of business he had them taken to the defendant's Broad Street Station for shipment. When the box was delivered to the defendant the plaintiff signed a slip or receipt which was offered in evidence by him, as follows:

"The Pennsylvania Railroad Company
"The Philadelphia, Baltimore and Washington
Railroad, West Jersey & Seashore Railroad
"Station—(Date)        6-28-18
"Valuation of baggage.

"The property covered by checks numbered New York 536805 is valued at not exceeding $500.00, and in case of loss or damage to such property, claim will not be made for a greater amount. Number of passengers—1—
"(Signed) Jacob Kaplan, Shipper.

"Baggage of excess value will be charged for subject to tariff regulations."

Posted in the baggage room at Broad Street Station at the time the box was delivered and the receipt given, a prominent notice was exhibited stating that the defendant's passenger tariffs were on file in the office, which could be inspected by any person desiring to do so, and offering to lend any assistance desired in securing information from or in interpreting such schedules. This notice, which is required by law to be exhibited as the baggage rules, rates and charges applicable to and between stations on the roads therein named, including the Pennsylvania Railroad, between Philadelphia and New York, among other things provided: "Rule 4—(a) Baggage may be either personal or sample defined as follows: (b) Personal baggage consists of wearing apparel, toilet articles and similar effects in actual use, and necessary and appropriate for the wear, use, com-

fort and convenience of the passenger for the purpose of the journey, and not intended for other person's nor for sale: (c) Sample baggage consists of baggage for the commercial, as distinguished from the personal use of the passenger and is restricted to catalogues, models and samples, or other suitable containers, tendered by the passenger for checking as baggage to be transported on a passenger train, for use by him in making sales or other disposition of the goods, wares or merchandise represented thereby." And under the title of "Excess Baggage" Rule 11, is the following: (a) "Baggage or property which may be transported in regular baggage service, exceeding the weight, size or value stated in this rule and in Rules 5, 6 and 10, also full weight of baggage checked on tickets previously punched or marked 'B,' will be charged for as excess baggage as follows: (b) Excess Weight—Excess weight rates will be based on first class limited (use unlimited fare when no limited fare is quoted) one-way adult fares via route of ticket and not on temporarily reduced, special, party, mileage, commutation or excursion fares. Charge will be made for excess weight at the excess baggage rates shown in table No. 1, published on page 26 of this tariff, except where specific excess weight rates or bases therefor are provided in tariff containing fares, such rates will apply instead of those shown herein." (See also Rule 12.) None of the above requirements was followed—all were in fact entirely disregarded.

The case was tried by a judge of the court below, a jury trial being waived, when the court found for the plaintiff the full valuation of the articles described in the complaint. There can be no doubt that under the decisions of the Supreme Court of the United States, all shippers are charged with notice of the provisions of tariffs which are filed with the Interstate Commerce Commission, as required by the Interstate Commerce Act, and duly posted as required by law: P. & R. Rys. Co. v. Parry, 66 Pa. Superior Ct. 49; W. J. &

S. Railroad Co. v. Whiting Lumber Co., 71 Pa. Superior
Ct. 161; Yaeck v. Adams Ex. Co., 69 Pa. Superior Ct.
143. This was an interstate shipment, and the rate for
transportation was not a subject of contract between
the parties to this action, as it became a matter of posi-
tive law, and shipper and consignee alike are bound by
the requirements stipulated. It is not merely a regula-
tion of the carriers; it is the tariff established by law.
In Bullard v. D., L. & W. Railroad Co., 21 Pa. Superior
Ct. 583, we held, "The word baggage is defined as such
articles of necessity or personal convenience as are
usually carried by passengers for their personal use, and
not merchandise or other valuables, although carried in
trunks by passengers, which are not assigned for such
use, but for other purposes, such as sale or the like.
Story on Bailments, section 499; Kast v. P. & R. Ry. Co.,
28 Pa. Superior Ct. 107. Under the common law, as in-
terpreted by the federal courts, a common carrier is not
liable for the loss of merchandise checked as personal
baggage. The reason for this salutary rule is given in
Humphreys v. Parry, 148 U. S. 627, in which a number of
authorities are cited: Adams Express Co. v. Croninger,
226 U. S. 491.

The defendant offered in evidence in this case the rules,
rates and charges applicable to this shipment, and the
copy of the baggage tariff certificate by the secretary
of the Interstate Commerce Commission, as having been
in force at the date, which conclusively established under
the admitted facts, that the merchandise for which re-
covery is sought was not baggage, and could not be ac-
cepted as such. The plaintiff did not produce a passen-
ger ticket entitling him to transportation of specific per-
sonal baggage, he proffered the box containing the mer-
chandise as personal baggage—it being designated as
such twice in the receipt he signed as passenger, and
stated therein it was for one passenger, and he admitted
that he had not purchased a ticket and did not or intend
to become a passenger. It is admitted by the appellee

that the merchandise was not baggage, but it is urged that inasmuch as the railroad company accepted the goods without requiring a railroad ticket, and issued a check for the container as baggage, and not as freight, it was liable.

This argument is not sound in that the relation of the plaintiff and defendant, and their authority to make rules and regulations, was controlled entirely by the rules and regulations of the Interstate Commerce Commission, and the parties could not in any way change these specific restrictions. The box of merchandise having been delivered in direct violation of these rules, there was no liability on the part of the defendant for its loss as baggage. When the package was presented for transportation as personal baggage, as shown by the receipt given by the pretending passenger there was nothing to indicate that it was not personal baggage, and rightly offered for carriage as such. There was no contract, express or implied, on the part of this railroad company, to check this package except on the supposition that Kaplan was to be a passenger: Merritt v. Lehigh Valley R. R., 49 Pa. Superior Ct. 224. No deceit or fraud was practiced on the plaintiff, and all the requirements of the law had been observed by the defendant as to the posting the rules, etc. The plaintiff having signed the valuation slips, stating that it was for one passenger, is not entitled to recover in furtherance of his deceit.

While it was a mistake on the part of the baggage agent to issue a check for this box of merchandise in the guise of baggage, that of itself did not affect in any way the liability of the defendant or the right to recover by the plaintiff. Their rights were determined by law, over which neither party had any control.

The judgment is reversed.