## Philadelphia & Reading Railway Co. v. International Motor Co.

*Common carrier—Liability of consignee for freight—Shipment of goods different from that ordered.*

1. A consignee who rejects a shipment of merchandise because the goods shipped were not of the grade ordered by him, is liable to the common carrier for the freight and the other lawful charges thereon.

2. Defendant, having selected 800 "I" beams, and having had them specially set apart for it, directed them to be shipped by plaintiff carrier. Vendor shipped the identical number, but not the identical beams. Defendant not showing that the article shipped was not "an article entirely different from that ordered," plaintiff is entitled to judgment.

Motion for judgment *n. o. v.*   C. P. Lehigh Co., April T., 1923, No. 189.

*Butz & Rupp*, for plaintiff.

*Aubrey, Steckel & Senger*, for defendant and motion.

RENO, P. J., March 3, 1924.—At the trial before our predecessor, President Judge Clinton A. Groman, plaintiff offered its statement of claim and the affidavit of defence and rested. The defendant moved for a compulsory non-suit, which was refused. Defendant offered no evidence. Both sides presented points for binding instructions. Defendant's point was denied, plaintiff's was sustained and a verdict for plaintiff was directed. The case comes before us upon defendant's motion for judgment *n. o. v.*

Stripped of the husk of legal verbiage with which the facts are covered in the record, they may be stated briefly and succinctly as follows: Defendant purchased from Blue Ribbon Products Company, at South Kearney, N. J., 800 PS. I beams, which were selected by defendant at that place and specially set apart for it. Defendant directed Blue Ribbon Products Company to ship them to Allentown, Pa., specifying Philadelphia & Reading Railway delivery. The vendor shipped 800 PS. I beams, but not the identical beams which defendant had bought. Upon their arrival at Allentown, defendant refused delivery, and they were subsequently sold for freight, storage and demurrage charges by plaintiff, which now sues for the deficit.

Plaintiff relies upon Pennsylvania R. R. Co. *v.* Descalzi, 59 Pa. Superior Ct. 614. In that case defendants ordered O'Dell to ship a carload of melons. Defendants refused to accept, alleging that their order required shipper to send a carload of melons, each of which was to weigh not less than thirty-five pounds, that those shipped were cheaper in price, that none of them weighed more than twenty-five pounds, and, therefore, constituted a secondary grade or class as compared to those purchased by defendants. Upon a rule to show cause why judgment should not be entered, Judge Frazer, then presiding in Common Pleas, said: "Plaintiff's contention is that when defendants directed O'Dell to ship to them a carload of melons, they constituted O'Dell their agent to employ a carrier to deliver the melons at Pittsburgh, and by reason of such employment defendants became liable to the carrier for the freight and other charges. As a general proposition of law, this is correct, at least where the

defence is that the articles shipped were not of the grade ordered by the consignee, as claimed in this case. In such cases, a delivery to the carrier is a delivery to the purchaser, and the consignee must look to the consignor for any defect in the articles or goods shipped. If an article entirely different from that ordered were shipped, we would have before us a different question. . . . Taking the affidavit of defence as a whole, in our opinion, it is insufficient."

This judgment was affirmed by the Superior Court in a *per curiam* opinion. There seems to be a dearth of authorities on the precise question here raised. At least, the industry of able counsel has revealed nothing except the Descalzi case. There are, of course, the cases of Philadelphia & Reading Ry. Co. v. Parry, 66 Pa. Superior Ct. 49; W. J. & S. R. R. Co. v. Whiting Lumber Co., 71 Pa. Superior Ct. 161; Pennsylvania R. R. Co. v. Whitney, 73 Pa. Superior Ct. 588, in which the doctrine is recognized or referred to, but in these cases the consignee had exercised some acts of dominion over the goods during carriage or after they reached destination, and, therefore, they are not flat adjudications upon the principle here contended for.

The basis of the consignee's liability seems to be agency; that is to say, that when a purchaser orders his vendor to ship something, he constitutes the vendor his agent to ship anything except "an article entirely different from that ordered." If "the articles shipped were not of the grade ordered by the consignee," the vendor is still the purchaser's agent and the latter is bound to pay the freight. Applying these principles to the instant case, the purchaser ordered the vendor to ship certain designated 800 PS. I beams; the vendor shipped 800 PS. I beams; the beams shipped were not "an article entirely different from that ordered." It follows that defendant must pay.

Whether the beams which were purchased were of the same grade and character as those shipped does not appear. Possibly, there was no difference between them, as far as grade and character are concerned. Those shipped may have been precisely the same grade and character as those ordered. But because the beams shipped were not the same identical beams which defendant bought, it seeks to avoid recovery. But its vendors not having shipped "an article entirely different from that ordered," the defendant is obliged to pay.

Of course, defendant contends that that which was delivered was, to employ the language of the Descalzi case again, "an article entirely different from that ordered." But it has not shown that. It has not even averred it. As far as we know, the beams shipped were exactly like those ordered, except that they were not the identical ones selected by and set apart for defendant. It may be that those shipped were exactly like those set apart in weight, length, thickness, painting, marking, and alike also in quality and quantity of iron and steel, and fabricated or rolled or machined in exactly the same manner. If so, how, then, can defendant contend that an article entirely different from that ordered was shipped? If that which was shipped was not entirely like that which was ordered, defendant should have shown it and had the question submitted to a jury. As the case stands, we cannot, upon what is before us, affirm that there was shipped something entirely different than that which was ordered, nor that the difference, if any there was, was more than a difference of grade.

The judgment of the trial judge has not been shown to be erroneous and it must stand.

Now, March 3, 1924, motion for judgment n. o. v. overruled and discharged. Judgment may be entered for plaintiff and against defendant for amount of verdict upon payment of jury fee.      From James L. Schaadt, Allentown, Pa.