# The Bell Telephone Company of Pennsylvania, Appellant, *v.* American Railway Express Company.

*Carriers—Express companies—Goods destroyed—Shipper—Fraudulent conduct—Failure to give notice of fragile character of goods—Receipt—Limitation of liability—Act of July 26, 1913, P. L. 1374—Article 2, Section 1Q.*

In an action of assumpsit for the recovery of the value of goods destroyed in transit it appeared that plaintiff delivered a box containing radio tubes to defendant for shipment. The carrier's receipt contained notice of the rule that fragile goods must be marked to indicate their character. No notice of the fragile character of the goods was given to the defendant, nor did the box indicate that it contained anything different from ordinary merchandise. The tubes were broken in transit.

The failure of plaintiff to give notice of the delicate character of the goods relieved defendant from liability for care greater than that necessary in transporting goods of ordinary value and perishability.

In the absence of proof that the defendant failed to use such care, judgment non obstante veredicto will be sustained.

Where a package is so constructed as to resemble one which usually contains property of small value, by reason of which the carrier is misled and thereby is induced to exercise a less degree of care than it would have if it had knowledge of the actual contents, the shipper cannot enforce his claim in case of loss, because of the misrepresentation arising from the deceptive appearance of the package, and this is true although there was no fraudulent intention to impose on the carrier.

If the contents of the package are perishable, or easily broken or explosive, so that the danger of loss is increased and the exercise of an unusual degree of care is made necessary, good faith requires the shipper to make the facts known to the carrier. ......
The carrier is relieved in these cases, not from the duty to exercise care and diligence in the transportation of its customer's goods, but from the consequences of the failure of the shipper to advise it fully of facts and circumstances material to the contract, the suppression of which is in effect a fraud upon it.

A rule requiring notice to the carrier if goods be of fragile and perishable character is not a limitation of the carrier's liability such as comes within the prohibition of the Act of July 26, 1913, P. L. 1374, Article 2, Section 1Q, providing that whenever a common carrier receives property for transportation between points within this Commonwealth it shall issue a receipt or bill of lading

therefor and shall be liable to the lawful holder thereof for any loss, damage or injury to said property caused by it or any other common carrier to which said property may be delivered or over whose line or lines such property may pass.

Argued October 31, 1927. Appeal No. 131, October T., 1927, by plaintiff from judgment of M. C. Philadelphia County, June T., 1924, No. 290, in the case of The Bell Telephone Company of Pennsylvania v. American Railway Express Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit to recover value of goods destroyed in transit. Before CRANE, J., without a jury.

The facts are stated in the opinion of the Superior Court.

The trial judge found for the plaintiff in the sum of $156.85. Subsequently the court entered judgment in favor of defendant, non obstante veredicto. Plaintiff appealed.

*Error assigned* was the entry of judgment non obstante veredicto.

*Charles E. Kenworthy,* and with him *Benjamin O. Frick,* for appellant.—The damage was caused by the defendant, through defendant's negligence and it cannot by its receipt limit its liability for negligence: American Express Co. v. Sands, 55 Pa. 140; Grogan & Merz v. Adams Express Co., 114 Pa. 523; Farnham v. The Camden & Amboy R. R. Co., 55 Pa. 53; Rhymer v. D. L. & W. Railroad Co., 27 Pa. Superior Ct. 345; Wright v. Adams Express Co., 43 Pa. Superior Ct. 40; Eckert v. Penna. R. R. Co., 211 Pa. 267.

*Alfred G. Muench,* and with him *Alexander R. Staples,* of *Bromley, Evans & Staples,* for appellee.—Where a shipper has failed to comply with the terms

of the contract, requiring that fragile goods be so marked, he cannot recover from a carrier. The only evidence of negligence was the fact that the goods were destroyed: 10 Corpus Juris, section 135; Hutchinson Carriers, section 330; Relf v. Rapp, 3 W. &. S. 21; S. M. Willock v. Pennsylvania Railroad, 166 Pa. 184; Caldwell v. United States Express Co., 36 Pa. Superior Ct. 465; Yaeck v. Adams Express Company, 69 Pa. Superior Ct. 143; Bair v. Adams Express Company, 66 Pa. Superior Ct. 106; Crary v. Lehigh Valley R. R. Co., 203 Pa. 525; Cincinnati, New Orleans & Tex. Pac. Ry. v. Rankin, 241 U. S. 319; American Railway Express Co. v. Lindenburg, 260 U. S. 584.

OPINION BY HENDERSON, J., December 15, 1927:

The plaintiff recovered a verdict in an action of assumpsit for breach of contract on the part of the defendant in the transportation of a package of merchandise carried from Philadelphia to Pittsburgh. Subsequently the court entered judgment for the defendant non obstante veredicto. The subject of the transportation was a box containing radio tubes, eight of which of varying sizes were found to be broken when the container was opened at the point of destination. The tubes were made of glass and were of delicate and fragile construction. They were attached to an inside container in a manner intended to secure them against injury. The outside container was a wooden packing box having inscribed thereon the words "This side up." There was nothing on the box indicating the character of the contents or putting the carrier on notice that it contained anything different from ordinary merchandise. When the package was delivered to the defendant a transportation receipt was given to the plaintiff, section 5 of which was in the following language: "Packages containing fragile articles or articles consisting wholly or in part of glass must be so marked and be packed so as to insure safe

transportation by express with ordinary care.'' The judgment of the court was entered because of the failure of the plaintiff to mark on the package the fact that the contents were fragile, thus putting the defendant on notice in order that care might be exercised in proportion to the greater risk involved in the shipment. The plaintiff, not contradicting the defendant's evidence with respect to the failure to give notice of the fragile character of the contents of the box, contends that the provision of the defendant's receipt is a limitation against the defendant's negligence and is, therefore, of no binding effect. We do not understand, however, that this requirement of the receipt is in contradiction of the common law obligation of a public carrier or of the Public Service Company Act of July 26, 1913, P. L. 1374. It is an established principle of the law relating to common carriers that no responsibility rests on the latter for the loss of property arising from a wrongful act of the shipper or the disregard of a known rule of the carrier which is reasonable and adopted for the mutual interests of the carrier and shipper. Any imposition or deception which misleads the carrier may amount to fraudulent conduct on the part of the shipper and this may be accomplished by silence as well as by words untruthfully spoken, and by acts as well as by words. The packing of goods in such manner as would reasonably induce the belief that the contents were such as would be ordinarily so packed would amount to deceptive conduct. Whatever in form or other external appearance is calculated to put the carrier off his guard, whether so designed or not, would be fraudulent conduct on the part of the shipper. Where a package is so constructed as to resemble one which usually contains property of small value, by reason of which the carrier is misled, and thereby is induced to exercise a less degree of care than he would if he had had knowledge of the actual value of the contents, the shipper

cannot enforce his claim in case of loss because of the misrepresentation arising from the deceptive appearance of the package, and this is true although there was no fraudulent intention to impose on the carrier: Hutchinson Carrier, section 330. It was long ago held in Relf v. Rapp, 3 W. & S. 21 that "if the owner be guilty of any fraud, or imposition, in respect to the carrier, as by concealing the value or nature of the article, or deludes him by his own carelessness in treating the parcel as a thing of no value, he cannot hold him liable for the loss of his goods. Such an imposition destroys all just claim to indemnity; for it goes to deprive the carrier of the compensation he is entitled to, in proportion to the value of the article intrusted to his care, and the consequent risk he incurs; and it tends to lessen the vigilance the carrier would otherwise bestow." And, on the same subject, in Willock v. Pennsylvania Railroad, 166 Pa. 184, it was held that "if the contents of a package are perishable, or easily broken, or explosive, so that the danger of loss is increased and the exercise of an unusual degree of care is made necessary, good faith requires the shipper to make the facts known to the carrier; ...... The carrier is relieved in these cases, not from the duty to exercise care and diligence in the transportation of his customer's goods, but from the consequences of the failure of the shipper to advise him fully of facts and circumstances material to the contract, the suppression of which is in effect a fraud upon him." It was held by this court in Yaeck v. Adams Express Co., 69 Pa. Superior Ct. 143, that a condition that the carrier should not be liable for the loss of money, bullion, bombs, jewelry, precious stones, &c., unless such articles were enumerated in the receipt, was not a contract limiting the liability of the carrier for negligence, but was a proper notice that the described articles of merchandise were only carried under special conditions, and the right of the carrier

to impose such conditions was sustained. It is clear from the evidence that the articles for which the claim was presented were highly fragile and were so known to be by the shipper. It was of importance both to the carrier and the shipper that the former have knowledge of the nature of the contents of the box in order that a degree of care might be exercised by the carrier calculated to secure the safe transportation of the merchandise. The filaments and bulbs were of delicate construction and it was known by the shipper that they must be handled with great care to insure safety. It was the right of the defendant, therefore, to have notice as called for in the receipt that property so delicately constructed and fragile in handling was delivered to it for transportation. The court was not in error, therefore, in entering the judgment of which the appellant complains.

The judgment is affirmed.