## Kirwan, Appellant, v. Railway Express Agency, Inc.

432

Argued April 24, 1935.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*Thomas L. Kane*, for appellant.

*Charles F. Patterson*, with him *Hallock C. Sherrard*,
of *Patterson & Sherrard*, for appellee.

OPINION BY STADTFELD, J., July 18, 1935:

This is an action of assumpsit for damages for alleged
breach of contract by a common carrier engaged in in-
terstate commerce for loss or theft of a scarf pin of the
value of $400.

On June 1, 1929, plaintiff, A. J. Kirwan, delivered to
the defendant, Railway Express Agency, Inc., at the
city of Miami, State of Florida, one trunk, containing
certain goods and chattels of the value of $1,500, for
shipment and transportation to No. 416 Neville Street,
in the city of Pittsburgh, State of Pennsylvania, plain-
tiff paying to defendant at the time of shipment $10.37

made up of $8.87 express charges, and $1.50 insurance charges on the value of $1,500 declared by plaintiff.

At the time of shipment, defendant delivered to plaintiff, a uniform express receipt therefor, containing, inter alia, the following clause: "3. Unless caused by its own negligence or that of its agents, the company shall not be liable for— ...... c. Loss of money, bullion, bonds, coupons, jewelry, precious stones, valuable papers, or other matter of extraordinary value, unless such articles are enumerated in the receipt."

Plaintiff's statement of claim averred that the trunk was delivered at 416 Neville Street, Pittsburgh, on June 4, 1929, but the trunk was not opened until on or about June 15, 1929, when plaintiff discovered that the diamond scarf pin was not in said trunk.

The affidavit of defense averred, inter alia, that the trunk when delivered to plaintiff was in exactly the same condition with respect to the contents thereof as it was when it was received by the defendant at Miami, Florida, and denied that any diamond scarf pin was lost or stolen from the said trunk while in the custody, possession or control of the defendant. It further set forth the clause in the receipt issued by it, and quoted supra, and averred that the scarf pin alleged to have been lost is an article of jewelry and its presence in the trunk was not enumerated in the receipt and therefore defendant had no notice if the scarf pin was actually in the said trunk, of its presence therein, and had its presence been enumerated in the receipt before the same was executed by the defendant, it would not have accepted the said trunk with said scarf pin contained therein, because the transportation of an article of jewelry must move through the money department of the defendant in accordance with tariff regulations approved by the Interstate Commerce Commission and cannot be transported in a trunk.

The case came on for trial before the court and a jury, where the foregoing facts were established.

Plaintiff testified that at the time of shipment he told the clerk of defendant company, "On this trunk I want $1,500 of insurance placed" and told him that in the trunk, "There is clothing, valuable papers and jewelry." When the trunk arrived and was delivered at Pittsburgh, the lock was locked and the seal was there in perfect order.

At the conclusion of the testimony ex parte plaintiff the court granted a compulsory non-suit which it subsequently refused to take off in an opinion by MARSHALL, (T. M.), J. From that order this appeal was taken.

The sole question in this case is whether the failure to enumerate the scarf pin on the receipt or bill of lading relieved the defendant of its liability as a common carrier, engaged in interstate commerce.

No question of negligence is involved in the case.

This case is ruled by Yaeck v. Adams Express Co., 69 Pa. Superior Ct. 143, wherein this court held, in an opinion by HENDERSON, J.: "The interstate commerce legislation requires that the schedules to be filed state 'all privileges or facilities granted or allowed and any rules or regulations which in anywise affect or determine any part of the rates, fares and charges or the value of the service rendered to the shipper or consignee.' According to the law as announced by the courts of the United States the clause relating to jewelry in the receipt is a valid regulation of the defendant's business. It has not the effect to exempt the carrier from liability for negligence but is a proper notice that certain merchandise of unusual value is carried under special conditions only. Gold, jewelry and precious stones are peculiarly the subjects of cupidity and are as a matter of common prudence more carefully handled and securely guarded than ordinary merchan-

dise. It is reasonable therefore that a carrier when called upon to transport such property should make a special acceptance and prescribe the conditions under which it is to be shipped. This right is not inconsistent with the rule that the carrier can not exempt himself from liability for the negligence of himself or his employees. He is entitled to receive compensation proportionate to the risk and to protect himself from fraud or imposition by reasonable rules and regulations: Hart v. Penna. Ry. Co., 112 U. S. 331; Adams Express Co. v. Croninger, 226 U. S. 491." This case was cited with approval in Kaplan v. Director General of Railroads, 78 Pa. Superior Ct. 195; also in Bell Telephone Co. v. American Railway Express Co., 92 Pa. Superior Ct. 180.

Nothing that occurred prior to the actual issuing of the receipt has any bearing on the subject. The defendant was entirely within its rights under its receipt and the tariff regulations applicable to the case in requiring that the receipt should indicate that an article of jewelry was in the trunk, for the method of handling was different and through a different department of the Express Agency.

The assignments of error are overruled and judgment affirmed.